RONALD G. WHITE (*Admitted pro hac vice*)
RWhite@mofo.com
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
BERND BERGMAIR
(*Additional Counsel listed on next page*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; RK HOLDINGS USA INC., a Florida corporation, MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, TRAFFICJUNKY INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-10,<br><br>Defendants. | Case No. 2:21-cv-4920<br><br>**DEFENDANT BERND BERGMAIR'S OPPOSITION TO PLAINTIFFS' REQUEST FOR CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Cormac J. Carney |

| | |
|---|---|
| 1 | ANDRE FONTANA (CA SBN 324801) |
| | AFontana@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 3 | San Francisco, CA  94105-2482 |
| | Telephone: 415.268.7000 |
| 4 | Facsimile: 415.268.7522 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

I. INTRODUCTION

Defendant Bernd Bergmair, joined by the other individual, foreign defendants in this case, Feras Antoon, David Tassillo and Corey Urman (collectively, the "Individual Defendants"), oppose Plaintiffs' request for a scheduling conference or the issuance of a scheduling order prior to resolution of their forthcoming motions to dismiss. Given the substantial question of whether this Court has personal jurisdiction over them, the Individual Defendants submit that "good cause" exists for the Court to defer issuing a scheduling order until after the Court decides the motions to dismiss.

II. RELEVANT BACKGROUND

The Complaint in this case was filed on June 17, 2021. The Individual Defendants, all of whom live and work in foreign countries, were sent requests to waive service outside the United States and subsequently agreed to waive service. Pursuant to a stipulation of the parties, approved by the Court, the defendants' motions to dismiss the complaint are due on October 18, 2021. ECF Nos. 27, 30. Under the schedule ordered by the Court, the motions will be fully submitted by December 20, 2021. *Id*. In the stipulation, the Individual Defendants expressly reserved the right to assert lack of personal jurisdiction in this forum. *Id*.

On October 4, 2021, Plaintiffs requested that the Court hold a scheduling conference or issue a scheduling order (ECF No. 41) in order to trigger various discovery obligations, such as the requirements to hold a Rule 26(f) conference and to make initial disclosures. *See* Fed.R.Civ.P. 26(f) and (a)(1)(C). Indeed, in the September 30, 2021 meet-and-confer call among the parties regarding Plaintiffs' request, Plaintiffs' counsel confirmed that the motivation for their request was "to get discovery going."

III. ARGUMENT

It is premature to set a case management conference before the forthcoming motions to dismiss are decided – motions to be submitted under a schedule agreed

to by Plaintiffs, and which will greatly clarify the parties and claims in the case. All of the Individual Defendants, who are foreign residents with no personal connection to California, plan to challenge personal jurisdiction over them in this forum, pursuant to Fed. R. Civ. P. 12(b)(2).  Indeed, for certain of the Individual Defendants, the Complaint – despite its 177 pages – does little more than identify the defendant's corporate position and generally allege that he exercised some oversight of MindGeek, without alleging any conduct at all directed at California. For example, with respect to Mr. Bergmair, the Complaint identifies him as a resident of Hong Kong, China (Compl. ¶ 52) and contains inconsistent allegations about his supposed ownership of MindGeek,[1] and then devotes all of two sentences of its 642 paragraphs to his alleged conduct.  The sum total of the substantive allegations against Mr. Bergmair are conclusory statements that he exercised "oversight and control" of MindGeek's "strategic operations" (Compl. ¶ 120) and that he approved its "major" decisions (Compl. ¶ 121).  The Complaint nowhere links either of these non-specific conclusory allegations to any tortious conduct, or to California.  In addition, the Individual Defendants will argue in their motions that the claims of the 29 (out of 34) plaintiffs who are not California residents must be dismissed on jurisdictional grounds since their injuries do not arise out of any California-related conduct of the defendants.  *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1781-82 (2017).  Finally, the Individual Defendants also plan to seek dismissal based on Plaintiffs' failure to state any viable claim against them, pursuant to Fed. R. Civ. P. 12(b)(6).

      Thus, substantial "good cause" exists under Fed. R. Civ. P. 16(b)(2) for the

---

[1] Underscoring how little the Plaintiffs have in the way of hard facts regarding Mr. Bergmair, the Complaint inconsistently alleges on the one hand that he is the "majority owner" of MindGeek (Compl. ¶ 52), and on the other, that he merely "represents" a "group of uber wealthy individuals, families and groups" who are the "actual owners" of MindGeek and who exercise "control of the company." (Compl. ¶¶ 3, 56, 109, 114, 117-118, 121.)

1 Court to defer scheduling a case management conference or issuing a scheduling
2 order.  Allowing discovery to begin prior to the resolution of the motions to dismiss
3 would impose a particular burden on the Individual Defendants, who are foreign
4 residents and who would not have to provide discovery at all if the Court
5 determines that it does not have personal jurisdiction over them.  *See AMA*
6 *Multimedia LLC v. Wanat*, 970 F. 3d 1201, 1208 (9th Cir. 2020) (requiring
7 defendant to litigate case where plaintiff has not established requirements of
8 personal jurisdiction "would deprive the defendant of due process of law") (citing
9 *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).  The
10 Individual Defendants should, at a minimum, have the opportunity to obtain a court
11 ruling testing the claim of personal jurisdiction over them – especially where the
12 Complaint offers only the thinnest of allegations – before being subjected to costly
13 and intrusive discovery. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S.
14 102, 114 (1987) ("[t]he unique burdens placed upon one who must defend oneself
15 in a foreign legal system should have significant weight in assessing the
16 reasonableness of stretching the long arm of personal jurisdiction over national
17 borders").  Before Plaintiffs may take discovery of foreign citizens with no
18 connection to the United States, they must do more than simply add defendants'
19 names and some boilerplate allegations to a complaint.  Plaintiffs cannot file a
20 complaint first and then be permitted to bootstrap their way into discovery in an
21 effort to find support for jurisdiction and their claims.  As the Supreme Court has
22 recognized, Rule 8 "does not unlock the doors of discovery for a plaintiff armed
23 with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
24 (2009). *See Mujica v. AirScan, Inc.*, 771 F. 3d 580, 593 (9th Cir. 2014) ("plaintiffs
25 must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not
26 after it") (emphasis in original); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.
27 2d 729, 738 (9th Cir. 1987) (since the purpose of Rule 12(b) is to "enable
28 defendants to challenge the legal sufficiency of complaints without subjecting

themselves to discovery," it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

Indeed, where a defendant's motion to dismiss challenges the court's personal jurisdiction, deferring discovery is warranted. *See Azco Biotech, Inc. v. Qiagen, N.V.*, 2013 WL 3283841 at *2 (S.D. Cal. June 26, 2013) (declining to issue scheduling order or require Rule 26(f) conference in light of pending personal jurisdiction and other motions, holding that, since some defendants might be dismissed from case, "it is inappropriate to require all Defendants to spend costs and resources to exchange initial disclosures"); *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570 at *2 (D. Nev. April 15, 2013) ("courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a critical preliminary question") (internal quotation marks omitted); *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152 at *1-2 (D. Nev. Oct. 10, 2012) (observing that "preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay," and ruling that "a pending motion challenging jurisdiction strongly favors a stay" of discovery). *See also Little v. City of Seattle*, 863 F. 2d 681, 685 (9th Cir. 1989) (deferring discovery until government official's claim of official immunity was resolved "furthers the goal of efficiency for the court and litigants").

Moreover, until the resolution of the motions to dismiss, the separate questions of which plaintiffs, which defendants and which claims will survive are all uncertain. Indeed, even if some claims survive motions to dismiss, the full scope of this case could vary significantly depending on the outcome of the motions. For example, if the Individual Defendants prevail on their personal jurisdiction motions, they will be dismissed from the case altogether. Similarly, the motions will determine whether any remaining defendants must defend the claims of just five plaintiffs or those asserted by as many as 34 plaintiffs. Finally, the

4

motions will present challenges to all nineteen of Plaintiffs' separate claims, the resolution of which will greatly shape the case going forward.  In short, the parties (on both sides) from whom discovery may be sought and the claims and defenses on which discovery will be needed could vary widely depending on the Court's decision on the motions.

District courts in California have repeatedly rejected as premature requests by plaintiffs to begin discovery before resolution of motions to dismiss, recognizing that the scope of the case and the needed discovery remains unclear until that time. *See, e.g., Yagman v. Garcetti*, 2020 WL 8125658 at *1 (C.D. Cal. Sept. 3, 2020) (allowing discovery while motions to dismiss are pending is "premature" since motions could potentially "alter the landscape of the case significantly as to claims, defenses and jurisdiction"); *Jones v. Micron Technology, Inc.*, 2019 WL 5406824 at *2 (N.D. Cal. Oct. 23, 2019) (denying request to order Rule 26(f) conference while motions were pending because "the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan"); *Zavala v. Kruse-Western, Inc.,* 2019 WL 3219254 at *1-2 (E.D. Cal. July 17, 2019) (court adjourned scheduling conference and denied motion to compel Rule 26(f) conference since pending motions "may result in changes to the operative pleading" and noting that "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear"); *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013 WL 12072533 at *2 (S.D. Cal. Jan. 16, 2013) (denying request to order Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear;" it would be "inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted"); *In re Morning Song Bird Food Litigation*, 2013 WL 12143947 at *3 (S.D. Cal. Jan. 25, 2013) (denying request to order Rule 26(f) conference because "[w]here ... the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses

in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources").

Finally, not only do judicial efficiency and fairness to the Individual Defendants weigh in favor of deferring discovery, but Plaintiffs have made no showing that they will be prejudiced by waiting to begin discovery until the motions to dismiss are decided on the schedule to which they agreed. Accordingly, Plaintiffs' request should be denied.

Dated: October 5, 2021

RONALD G. WHITE
DAN MARMALEFSKY
ANDRE FONTANA
MORRISON & FOERSTER LLP

By: */s/Dan Marmalefsky*
Dan Marmalefsky

Attorneys for Defendant
BERND BERGMAIR