1  WIECHERT, MUNK & GOLDSTEIN, PC
   David Wiechert, CA Bar No. 94607
2  27136 Paseo Espada, Ste. B1123
   San Juan Capistrano, CA 92675
3  Phone: (949) 361-2822
   Fascimile: (949) 361-5722
4  Email: dwiechert@aol.com

5  MORVILLO ABRAMOWITZ GRAND IASON &
   ANELLO PC
6  Jonathan S. Sack (*pro hac vice pending*)
   Karen R. King (*pro hac vice pending*)
7  Ryan McMenamin (*pro hac vice pending*)
   565 Fifth Avenue
8  New York, New York 10017
   Phone: (212) 856-9600
9  Facsimile: (212) 856-9494
   Email: jsack@maglaw.com
10 Email: kking@maglaw.com
   Email: rmcmenamin@maglaw.com
11
12 *Attorneys for Specially Appearing*
   *Defendant David Tassillo*

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 SERENA FLEITES and JANE DOE DOS. 1
17 through 33,

                          Plaintiffs,                    Case No. 2:21-cv-4920-CJC-ADS

18            v.                                          **SPECIALLY APPEARING**
                                                         **DEFENDANT DAVID**
19 MINDGEEK S.A.R.L. a foreign entity; MG                **TASSILLO'S NOTICE OF**
   FREESITES, LTD., a foreign entity;                    **MOTION AND MOTION TO**
20 MINDGEEK USA INCORPORATED, a                          **DISMISS THE COMPLAINT;**
   Delaware corporation; MG PREMIUM LTD, a               **MEMORANDUM OF POINTS**
21 foreign entity; RK HOLDINGS USA INC., a               **AND AUTHORITIES IN SUPPORT**
   Florida corporation, MG GLOBAL                        **THEREOF**
22 ENTERTAINMENT INC., a Delaware
   corporation, TRAFFICJUNKY INC., a foreign             Date:  January 24, 2022
23 entity; BERND BERGAMAIR, a foreign                    Time: 1:30 p.m.
   individual; FERAS ANTOON, a foreign                   Place:  Courtroom 9 B
24 individual; DAVID TASSILLO, a foreign                 Judge: Cormac J. Carney
   individual; COREY URMAN, a foreign
25 individual; VISA INC., a Delaware corporation;
   COLBECK CAPITAL DOES 1-10; and
26 BERGMAIR DOES 1-10

27                        Defendants.

28

              DAVID TASSILLO'S MOTION TO DISMISS
              CASE NO. 2:21-cv-4920

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on January 24, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9B in the U.S. District Court for the Central District of California, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516 before the Honorable Cormac J. Carney,  Specially Appearing Defendant David Tassillo will move, and hereby moves, for an Order dismissing Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b).

Mr. Tassillo neither consents nor submits to the jurisdiction of this Court and appears for the limited purpose of contesting jurisdiction.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 8, 2021.

If the Court finds jurisdiction over Mr. Tassillo, he respectfully moves for dismissal on the ground that Plaintiffs have failed to state a claim against him upon which relief can be granted.  This motion is based on this Notice of Motion, the accompanying Memorandum of Law, and all other matters properly before this Court.

DATED: October 20, 2021            Respectfully Submitted,

WIECHERT, MUNK & GOLDSTEIN, PC


By:  /s/ David W. Wiechert
     David W. Wiechert (SBN 94607)

     MORVILLO ABRAMOWITZ GRAND
     IASON & ANELLO PC
     Jonathan S. Sack (*pro hac vice pending*)
     Karen R. King (*pro hac vice pending*)
     Ryan McMenamin (*pro hac vice pending*)
     *Attorneys for Specially Appearing Defendant
     David Tassillo*

1

# TABLE OF CONTENTS

**Page**

ISSUE PRESENTED ........................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND ................................................................................................ 2

    MindGeek. .................................................................................................... 2

    This Lawsuit .................................................................................................. 2

    David Tassillo ................................................................................................ 3

LEGAL STANDARD ......................................................................................... 4

ARGUMENT ..................................................................................................... 4

I.    The Court Does Not Have Personal Jurisdiction Over David
    Tassillo. .......................................................................................................... 5

    A.    MindGeek Entities' Contacts with California Cannot be
        Imputed to Mr. Tassillo .......................................................................... 5

        1.    Mr. Tassillo is not alleged to be an alter ego of any
            MindGeek entity. .......................................................................... 6

        2.    Mr. Tassillo is not alleged to be the "guiding
            spirit" of the complained-of activity ............................................ 7

    B.    Mr. Tassillo is Not Subject to General or Specific
        Jurisdiction in California ......................................................................... 8

    C.    Nationwide Personal Jurisdiction Does Not Apply and, In
        Any Event, Is Not Satisfied .................................................................. 10

II.    Plaintiffs' Claims Against Tassillo Do Not Satisfy Basic
    Pleading Requirements ................................................................................. 13

III.    Section 230 Immunity Extends to Mr. Tassillo. ........................................ 15

IV.    Pleading Deficiencies by Count ................................................................. 17

CONCLUSION ............................................................................................... 24

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC,*
666 F. Supp. 2d 1109 (C.D. Cal. 2009) ................................................................. 7

*AMA Multimedia, LLC v. Wanat,*
970 F.3d 1201 (9th Cir. 2020) ............................................................................... 12

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
7 Cal.4th 503 (1994) ............................................................................................... 23

*Ascentive, LLC v. Opinion Corp.,*
842 F.Supp.2d 450 (E.D.N.Y. 2011) ................................................................... 16

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................. 4

*AT&T v. Compagnie Bruxelles Lambert,*
94 F.3d 586 (9th Cir. 1996) ..................................................................................... 2

*Ayla, LLC v. Alya Skin Pty. Ltd.,*
11 F.4th 972 (9th Cir. 2021) ............................................................................. 9, 10

*Bancroft & Masters, Inc. v. Augusta National, Inc.,*
223 F. 3d 1082 (9th Cir. 2000) ............................................................................. 10

*Barnes v. Yahoo!, Inc.,*
570 F.3d 1096 (9th Cir. 2009) ............................................................................... 15

*Beatport LLC v. SoundCloud Ltd,*
2020 WL 3977602 (C.D. Cal. July 13, 2020) ..................................................... 14

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................ 13

*Blizzard Ent., Inc. v. Joyfun Inc Co., Ltd.,*
2020 WL 1972284 (C.D. Cal. Feb. 7, 2020) ....................................................... 11

- ii -

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ..................................................................15

*Brock v. Zuckerberg*,
2021 WL 2650070 (S.D.N.Y. June 25, 2021) ..........................................14

*Caraccioli v. Facebook, Inc.*,
700 F. App'x 588 (9th Cir. 2017)..............................................................20

*Chirila v. Conforte*,
47 F. App'x 838 (9th Cir. 2002)..................................................................9

*Cisco Systems, Inc. v. Link US LLC*,
2019 WL 6682838 (N.D. Cal. Dec. 6, 2019) .............................................8

*CollegeSource, Inc. v. AcademyOne, Inc.*,
653 F.3d 1066 (9th Cir. 2011) ................................................................8, 9

*Davis v. Metro Prods., Inc.*,
885 F.2d 515 (9th Cir. 1989) ...................................................................5, 8

*Delman v. J. Crew Grp., Inc.*,
2017 WL 3048657 (C.D. Cal. May 15, 2017)............................................8

*Doan v. Singh*,
617 F. App'x 684 (9th Cir. 2015)........................................................18, 19

*Doe* v. *Geller*,
533 F. Supp. 2d 996 (N.D. Cal. 2008)......................................................10

*Doe v. Kik*,
482 F. Supp. 3d 1242 (S.D. Fla. 2020)......................................................18

*Doe v. Mindgeek USA Inc.*,
2021 WL 4167054 (C.D. Cal. Sept. 3, 2021) ................................16, 18, 22

*Doe v. MySpace*,
474 F. Supp. 2d 843 (W.D. Tex. 2007) .....................................................22

*Doe v. Reddit, Inc.*,
No. SACV21768JVSKESX, 2021 WL 4348731 (C.D. Cal. July 12, 2021) .......18

*Doe v. Unocal Corp.*,
    27 F. Supp. 2d 1174 (C.D. Cal. 1998) .................................................................11

*Downing v. Abercrombie & Fitch*,
    265 F.3d 994 (9th Cir. 2001) ...............................................................................21

*Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*,
    122 F.3d 1211 (9th Cir. 1997) .............................................................................23

*Flynt Distrib. Co., Inc. v. Harvey*,
    734 F.2d 1389 (9th Cir. 1984) ...............................................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021).......................................................................................9, 10

*Frances T. v. Vill. Green Owners Assn.*,
    42 Cal. 3d 490 (1986) ...........................................................................................20

*Fumoto Giken Co. v. Mistuoka*,
    2015 WL 12766167 (C.D. Cal. Apr. 16, 2015) ..................................................12

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
    284 F.3d 1114 (9th Cir. 2002) .............................................................................12

*Gonzalez v. Google, LLC*,
    2 F.4th 871 (9th Cir. 2021) ...........................................................................15, 18

*Go-Video, Inc. v. Akai Elec. Co.*,
    885 F.2d 1406 (9th Cir. 1989) .............................................................................13

*Hasso v. Hapke*,
    227 Cal. App. 4th 107 (Ct. App. 2014) ................................................................7

*Huynh v. Quora, Inc.*,
    2019 WL 11502875 (N.D. Cal. Dec. 19, 2019)..................................................23

*In re Automobile Antitrust Cases I & II*,
    135 Cal.App.4th 100 (2005) ..................................................................................9

*In re Boon Glob. Ltd.*,
    923 F.3d 643 (9th Cir. 2019) .................................................................................8

*In re DirecTV Early Cancellation Litig.*,
  2010 WL 3633079 (C.D. Cal. Sept. 7, 2010) .............................................22

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  497 F. Supp. 3d 552 (N.D. Cal. 2020) .......................................................19

*In re Toyota Motor Corp. Unintended Acceleration Mrtg., Sales Practices, and
  Prods. Liab. Litig.*,
  2010 WL 4867562 (C.D. Cal. Nov. 30, 2010) ...........................................22

*In re WellPoint, Inc.*,
  865 F. Supp. 2d 1002 (C.D. Cal. 2011) .....................................................18

*Incipio, LLC v. Argento Sc By Sicura Inc.*,
  2018 WL 4945002 (C.D. Cal. July 18, 2018)...............................................6

*Ind. Plumbing Supply, Inc. v. Standard of Lynn, Inc.*,
  880 F. Supp. 743 (C.D. Cal. 1995) ..............................................................6

*Int'l Shoe Co.* v. *State of Wash., Office of Unemployment Comp. & Placement*,
  326 U.S. 310 (1945)....................................................................................10

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
  256 F.3d 548 (7th Cir. 2001) .....................................................................12

*J.B. v. G6 Hospitality, LLC*,
  2021 WL 4079207 ......................................................................................18

*Just Film, Inc. v. Merchant Services, Inc.*,
  2010 WL 4923146 (N.D. Cal. Nov. 29, 2010) ...........................................11

*Klayman v. Zuckerberg*,
  753 F.3d 1354 (D.C. Cir. 2014)..................................................................16

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ...............................................................................23

*La'Tiejira v. Facebook, Inc.*,
  272 F.Supp.3d 981 (S.D. Tex. 2017)..........................................................16

*Letizia v. Facebook Inc.*,
  267 F. Supp. 3d 1235 (N.D. Cal. 2017).......................................................23

*Mansour v. Superior Court of Orange County*,
    38 Cal.App.4th 1750 (1995) ........................................................................9

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) .....................................................................4

*Mason v. Cty. of Orange*,
    251 F.R.D. 562 (C.D. Cal. 2008)...............................................................13

*Milliken* v. *Meyer*,
    311 U.S. 457 (1940)....................................................................................10

*M.L. v. Craigslist Inc.*,
    No. 3:19-cv-06153, Dkt. 225, (W.D. Wash. Sept. 16, 2021) ...................18

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) .................................................................4, 9

*Neilson v. Union Bank of California*, N.A.,
    290 F. Supp. 2d. 1101 (C.D. Cal. 2003) ......................................................6

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) .....................................................................21

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) .............................................................11, 12

*People v. Ferrer*,
    2016 WL 7237305 (2016) ..........................................................................16

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) .....................................................................9

*Puri v. Khalsa*,
    674 Fed.Appx. 679 (9th Cir. 2017)............................................................23

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ...................................................................................18

*Securities and Exchange Commission v. Ferrante*,
    2019 WL 8230852 (C.D. Cal. Jan. 23, 2019) ...........................................14

- vi -

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ...................................................................9

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) ...................................................................4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .................................................................15

*Symettrica Ent., Ltd. v. UMG Recordings, Inc.*,
  2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) .........................................6

*United States ex rel. Swoben v. United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) ...............................................................14

*United States Liability Ins. Co. v. Haidinger–Hayes, Inc.*,
  463 P.2d 770 (Cal. 1970) .......................................................................20

*United States v. X-Citement Video, Inc.*,
  513 U.S. 64 (1994).................................................................................19

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .................................................................4

*Wachovia Securities, LLC*,
  2010 WL 2674456 (C.D. Cal. June 30, 2010)...........................................7

*Willick v. Napoli Bern Ripka & Assocs., LLP*,
  2019 WL 3064120 (C.D. Cal. Mar. 13, 2019)...........................................7

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)...............................................................................10

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

## <u>Statutes, Rules, and Other Authorities</u>

18 U.S.C. § 1591(a)(1-2) ..................................................................................17, 18

518 U.S.C. § 1594(c) .......................................................................................17, 18

18 U.S.C. § 1595 ..............................................................................................17, 18

18 U.S.C. § 1965(b) ..........................................................................................10, 11

18 U.S.C. § 2252A(f)(1) ..........................................................................................19

18 U.S.C. § 2255 ...............................................................................................10, 13

18 U.S.C. § 2255(c)(2) .............................................................................................13

47 U.S.C. § 230 .............................................................................15, 16, 17, 20

47 U.S.C. § 230(c)(1) ...............................................................................................16

47 U.S.C. § 230(e)(5)(A) .........................................................................................18

Cal. Bus. & Prof. Code § 17200 ..............................................................................23

Cal. Bus. & Prof. Code § 17500 ..............................................................................23

Cal. Civ. Code § 1708.85 .........................................................................................21

Cal. Civil Code § 3344 .............................................................................................21

Federal Rule of Civil Procedure 4(k)(2) .......................................................10, 11, 12

Federal Rule of Civil Procedure 8(a) .............................................................13, 16

Federal Rule of Civil Procedure 9(b) ............................................................4, 15, 23

Federal Rule of Civil Procedure 12(b)(2) ....................................................1, 4, 10

Federal Rule of Civil Procedure 12(b)(6) ....................................................1, 4

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

## ISSUE PRESENTED

Whether claims against David Tassillo, a foreign defendant, should be dismissed for lack of personal jurisdiction because the Complaint contains no allegation about his contacts with California or his control over a California defendant.  Alternatively, whether the claims against David Tassillo should be dismissed for failure to state a claim because the Complaint contains legally insufficient substantive allegations about Mr. Tassillo's conduct.

## MEMORANDUM OF POINTS AND AUTHORITIES

David Tassillo respectfully moves to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Notwithstanding its length and the abundance of sensational assertions and purported secrets of the porn industry, the Complaint has few specific allegations about the allegedly unlawful conduct of defendants relating to plaintiffs or content featuring plaintiffs. This is particularly true with respect to David Tassillo, an individual defendant and Canadian citizen who appears to be included in the Complaint solely by virtue of his employment—in Canada.

The Complaint has *zero* allegations supporting personal jurisdiction over Mr. Tassillo.  The Complaint does not allege a single fact about Mr. Tassillo's activities in or directed at California or the United States.  Likewise, the Complaint has *zero* allegations about any activity of Mr. Tassillo regarding the videos at issue or any plaintiff.  The Complaint does not allege a single act of Mr. Tassillo that relates in any way to the receipt and posting of any video alleged to be wrongfully displayed by defendants.  In short, plaintiffs have not met their burden of establishing this Court's jurisdiction over Mr. Tassillo, and have not satisfied basic notice pleading requirements.

1

Accordingly, all claims against Mr. Tassillo should be dismissed for lack of personal jurisdiction or, in the alternative, failure to plead claims upon which relief can be granted.

## **BACKGROUND**[1]

### **MindGeek**

Plaintiffs lump together seven corporate defendants—mostly non-U.S. entities—and treat them as a single business entity called "MindGeek." (Compl. ¶¶ 59-61.) According to the Complaint, MindGeek operates various pornographic websites, including Pornhub. (Compl. ¶¶ 1, 45.) MindGeek's business model is similar to YouTube's; it offers free content, primarily videos uploaded by users and third-party businesses, and uses traffic generated by that content to (a) advertise additional pornographic sites that offer paid content; (b) sell advertising for products; and (c) gather user data for marketing and development. (Compl. ¶¶ 83, 87.) MindGeek maintains "comprehensive terms of service, policies, and customer service functions, and multiple layers of interaction." (Compl. ¶ 124.) It also employs moderators to police the content on its websites, investigate and respond to complaints, and engage with law enforcement. (*See, e.g.*, Compl. ¶¶ 191, 256, 286, 318, 354, 383.)

### **This Lawsuit**

Plaintiffs are 34 women from different states and countries who allege that sexually explicit videos were taken of them and uploaded to Pornhub without their consent by non-party bad actors. (Compl. ¶¶ 11-44, 270-404.) Five of the 34 plaintiffs were residents of California during the events in question. (Compl. ¶¶ 11, 12, 15, 26, 30.)

---

[1] For purposes of a motion to dismiss, the well-pleaded factual allegations in a complaint are assumed to be true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Mr. Tassillo's recitation of the "facts" herein is based on the allegations in the Complaint, is made solely for the purposes of this motion, and does not speak to the accuracy of any allegation.

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

The vast majority of the 177-page Complaint reads like a T.V. movie script looking for headlines and viewership. It repeatedly refers to characters on the fictional television series, The Sopranos (*see e.g.*, Compl. ¶¶ 3, 93), and is filled with inflammatory language, sensationalism, conspiracy theories, and sweeping generalities having nothing to do with the videos in question. The gravamen of the Complaint is actually more simple: plaintiffs allege that MindGeek knew or should have known that the videos taken of them were illegally made and/or posted without their consent, and should have taken the videos down more quickly.

On June 17, 2021, plaintiffs commenced this lawsuit, asserting 19 causes of action against seven MindGeek-related entities, Visa, Inc., and four individuals, running the gamut from federal statutory claims addressing the Trafficking Victims Protection Reauthorization Act ("TVPRA"), civil RICO, and child pornography, to common law claims for public disclosure of private facts, intrusion into private affairs, placing plaintiff in false light, deception, unjust enrichment, negligence, misappropriation, and civil conspiracy, to California state statutory claims for misappropriation of name and likeness, deceptive business practices, and distribution of sexually explicit content without consent.

**David Tassillo**

One of the four individual defendants is David Tassillo, a Canadian resident who is alleged to serve as Chief Operating Officer of "MindGeek." (Compl. ¶ 54.) Notwithstanding the inclusion of Mr. Tassillo in the definition of "MindGeek Defendants" (Compl. p.3), the Complaint lacks specific allegations about Mr. Tassillo other than that he is a resident of Canada, is Chief Operating Officer of "MindGeek," that he testified in front of the Canadian House of Commons, and that an unidentified "insider" said he "would [] know" "everything." (Compl. ¶¶ 54, 82, 196, 197, 204.) Nonetheless, plaintiffs assert eighteen (18) claims against Mr. Tassillo (as part of "MindGeek Defendants" or "All Defendants") without identifying any specific act by Mr. Tassillo that serves as the basis for any claim.

1

## <u>LEGAL STANDARD</u>

2       As a threshold matter, plaintiff bears the burden of establishing a prima facie

3   showing of personal jurisdiction.  *Martinez v. Aero Caribbean*, 764 F.3d 1062,

4   1066 (9th Cir. 2014).  When plaintiff cannot make such a showing, the complaint

5   must be dismissed. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir.

6   2017)

7       A complaint must also be dismissed under Rule 12(b)(6) unless it

8   "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that

9   is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

10  quotation marks omitted).  Only specific factual allegations are accepted as true,

11  not legal assertions, "[t]hreadbare recitals of the elements," or "conclusory

12  statements." *Id.*  Under Federal Rule of Civil Procedure 9(b), a party alleging

13  fraud must "state with particularity the circumstances constituting fraud." Fed. R.

14  Civ. P. 9(b).  To satisfy this standard, the allegations must be "specific enough to

15  give defendants notice of the particular misconduct which is alleged to constitute

16  the fraud charged so that they can defend against the charge and not just deny that

17  they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.

18  1985); *see Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

19

## <u>ARGUMENT</u>[2]

20      The Complaint should be dismissed for lack of personal jurisdiction

21  pursuant to Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim

22  upon which relief can be granted pursuant to Federal Rule of Civil Procedure

23  12(b)(6).  The dearth of specific factual allegations about Mr. Tassillo in the

24  177-page complaint speaks for itself.  Plaintiffs do not plead facts sufficient to

25  establish personal jurisdiction over Mr. Tassillo in California, and they do not meet

26

27

28

---

[2] In addition to the arguments set forth in this Memorandum, Mr. Tassillo joins and incorporates by reference the arguments made by MindGeek and individual defendants Feras Antoon, Bernard Bergmair, and Corey Urman pursuant to Rules 12(b)(2), 12(b)(6), and 20(a) of the Federal Rules of Civil Procedure.

- 4 -

basic notice pleading requirements, much less the heightened pleading standards applicable to those claims that sound in fraud.

## I.   The Court Does Not Have Personal Jurisdiction Over David Tassillo.

David Tassillo lives and works in Canada.  The Complaint has no allegations linking him to California or the United States.  The Complaint has no allegations about his job responsibilities beyond his title, or of any connection to the two corporate entities that have a California presence (MindGeek USA and MG Global Entertainment Inc.).  The Complaint has no allegations that he had any involvement in or specific knowledge about the videos that are at issue in this action.  In sum, the Complaint has not alleged a basis on which to find personal jurisdiction over Mr. Tassillo and, accordingly, he should be dismissed from this action.

### A.   MindGeek Entities' Contacts with California Cannot Be Imputed to Mr. Tassillo.

Plaintiffs allege, in conclusory fashion, that MindGeek S.a.r.l. and six other corporate entities are alter egos and therefore all subject to jurisdiction in California because one of the entities—MG Global Entertainment Inc.—is headquartered in California.  (Compl. ¶¶ 59, 60.)  Whether or not plaintiffs have pleaded facts sufficient to support alter ego among the corporate entities, they certainly have not pleaded facts supporting a finding of jurisdiction over Mr. Tassillo based on MindGeek's contact with California.

Under the fiduciary shield doctrine, a person's mere association with a corporation that allegedly caused injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.  *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).  The fiduciary shield doctrine does not apply, and courts will disregard the corporate form, only if the plaintiff can establish that (1) the MindGeek entities are alter egos of Mr. Tassillo or (2) Mr. Tassillo was the "guiding spirit" behind the wrongful conduct, *Davis*, 885 F.2d at

524 n.10, in that he "*personally directed* the activities toward the forum state giving rise to the complaint." *Ind. Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 750 (C.D. Cal. 1995) (emphasis added).

### 1.    Mr. Tassillo is not alleged to be an alter ego of any MindGeek entity.

Plaintiffs have not alleged that Mr. Tassillo is an alter ego of any MindGeek entity.  They define the term "MindGeek Defendants" to include Mr. Tassillo, but their assertions of alter ego status refer only to the relationships among the corporate entities.  *See e.g.,* (Compl. ¶ 60) (alleging that MindGeek defendants "operate as a single business," "commingl[e] their funds," "treat[] each other's assets as their own," "issu[e] shares of one another to themselves," "hold[] themselves out as being personally liable for the debts of each other," "fail[] to maintain minutes," "us[e] the same business locations and employ[] the same employees," "fail[] to adequately capitalize," "[use] each other as a conduit for a single venture of themselves," "fail[] to maintain arm's length relationships," and "divert assets without consideration from/to one another to the detriment of creditors.").[3]

In any event, plaintiffs have not satisfied the incredibly high burden of establishing alter ego status between Mr. Tassillo and a MindGeek company. *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (citation omitted); *Incipio, LLC v. Argento Sc By Sicura Inc.*, No. SACV1701974AGKESX, 2018 WL 4945002, at *2 (C.D. Cal. July 18, 2018) ("a party accusing another of an alter ego relationship carries a high burden both at the pleading stage and on the merits").  In conducting such an analysis, courts consider such factors as (1)

---

[3] Such conclusory allegations of 'alter ego' status are also insufficient.  "[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California*, N.A., 290 F. Supp. 2d. 1101, 1116 (C.D. Cal 2003) (citation omitted). Courts routinely reject plaintiffs' attempts at alleging alter ego status based solely on unsubstantiated legal conclusions.  *See e.g., Symettrica Ent., Ltd. v. UMG Recordings, Inc*., No. LACV1901192CJCKLS, 2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) (Carney, J.).

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

whether the individual treated corporate assets as his own; (2) whether a single individual owned all of the corporate entity; (3) whether the individual and the corporation commingled their assets or failed to segregate their funds; and (4) whether the individual utilized the corporation as a shell. *Willick v. Napoli Bern Ripka & Assocs., LLP*, No. 215CV00652ABEX, 2019 WL 3064120, at \*4 (C.D. Cal. Mar. 13, 2019) (citation omitted).  Courts have also noted that finding "alter ego is an extreme remedy, sparingly used." *Hasso v. Hapke*, 227 Cal. App. 4th 107, 155 (Ct. App. 2014).

Here, the Complaint simply has no allegations that address any of these factors or support a conclusion that the separate legal personalities of Mr. Tassillo and a corporate entity ceased to exist.  Nothing in the Complaint speaks to any purported fraud or injustice that would justify a finding of alter ego liability.

> **2.** **Mr. Tassillo is not alleged to be the "guiding spirit" of the complained-of activity.**

Plaintiffs also fail to allege that Mr. Tassillo was the "guiding spirit" of the challenged conduct, or that he was the "primary participant in the alleged wrongdoing." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) (internal citations omitted).  Although the Complaint makes reference to groups of individuals that "control" and "own" MindGeek (Compl. ¶¶ 93-101, 109, 121), Mr. Tassillo is not identified as being part of any of these groups.  In any case, plaintiffs cannot survive a motion to dismiss through group pleading.  *See e.g., Wachovia Securities, LLC*, 2010 WL 2674456 at \*4-5 (C.D. Cal. June 30, 2010) (dismissal appropriate where plaintiff "use[d] the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong").

The Complaint contains no allegation connecting Mr. Tassillo to any of the plaintiffs or the videos at issue, much less that he was the "guiding spirit" of any

activity by any MindGeek company with respect to those videos.  In short, nothing

in the Complaint supports disregarding the corporate form on account of Mr.

Tassillo's conduct.  *Delman v. J. Crew Grp., Inc.,* No. 16-cv-9219-MWF (ASx),

2017 WL 3048657, at *4 (C.D. Cal. May 15, 2017) (finding this exception

inapplicable where plaintiff had not alleged sufficient facts to show the executive

"was personally involved" in the challenged conduct, "let alone its 'guiding

spirit'"); *see also Cisco Systems, Inc. v. Link US LLC*, 2019 WL 6682838, at *4

(N.D. Cal. Dec. 6, 2019) ("If general allegations of managerial responsibilities …

were sufficient to establish specific jurisdiction in this case, specific jurisdiction

would extend to a company's officers in virtually every case where it extended to

the company itself.  That result is inconsistent with Ninth Circuit precedent.").

**B.    Mr. Tassillo is Not Subject to General or Specific Jurisdiction in California.**

Because MindGeek's alleged contacts with California cannot be imputed to

Mr. Tassillo, personal jurisdiction over Mr. Tassillo must be assessed based on his

individual contacts with the forum.  *See Davis*, 885 F.2d at 522; *In re Boon Glob.*

*Ltd.,* 923 F.3d at 652 (finding error when district court did not conduct an

individualized jurisdictional analysis for each third party).   Neither general nor

specific jurisdiction exists over Mr. Tassillo.

With respect to general jurisdiction, Mr. Tassillo is a nonresident defendant

without substantial or continuous and systematic activities within California.

Specific jurisdiction requires an evaluation of Mr. Tassillo's alleged activity

in California that relate to the causes of action.  *See Davis*, 885 F.2d at 520.  Such

an evaluation involves three inquiries: (1) whether Mr. Tassillo purposefully

directed his activities toward California residents; (2) whether the claims made by

plaintiffs grow out of or relate to Mr. Tassillo's forum-related activities; and (3)

whether the exercise of jurisdiction comports with fair play and substantial justice.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff bears the

- 8 -

burden of satisfying the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).  Only if plaintiffs meet those two prongs does the burden then shift to the defendant to show that the exercise of jurisdiction would not be reasonable.  *Picot*, 780 F.3d at 1212.

On the first prong, plaintiffs have not alleged any "purposeful direction" of activities by Mr. Tassillo toward California.  Mr. Tassillo is not alleged to have committed any intentional act "expressly aimed" at California, causing harm that he knew was likely to be suffered in California.  *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004) (finding that commission of an "intentional act" requires the defendant to perform the actual, physical act, rather than the result). "Knowledge and consent—passive states of mind—do not constitute intentional acts directed at the forum state." *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002).  Plaintiffs have not alleged any action taken by Mr. Tassillo that is relevant to the asserted claims, much less any intentional act he expressly aimed at California.

Plaintiffs also cannot attribute the forum-related activity of purported co-conspirators to Mr. Tassillo without specifying Mr. Tassillo's own individual contacts with California.  *See In re Automobile Antitrust Cases I &b II,* 135 Cal.App.4th 100, 118 (2005) ("Jurisdictional facts shown must pertain to each nonresident defendant individually, even in an alleged conspiracy."); *Mansour v. Superior Court of Orange County,* 38 Cal.App.4th 1750, 1754-55, 1760 (1995) (stating that "California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party" and rejecting plaintiff's argument that "a party is subject to suit in California because it belongs to a conspiracy and a coconspirator has committed forum-related acts which are alleged to be imputable to it").

On the second prong, plaintiffs' claims do not "arise out of or relate to" any forum-related activities by Mr. Tassillo.  *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th

- 9 -

972, 983 (9th Cir. 2021) (*quoting Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021)). No such connection exists here.  The Complaint does not allege Mr. Tassillo took any action in California, much less that he knew of plaintiffs' existence and knowingly caused their purported injuries in California through actions directed at California. *See Bancroft & Masters, Inc. v. Augusta National, Inc*., 223 F. 3d 1082, 1088 (9th Cir. 2000).

Finally, although the issue is not reached because the plaintiffs cannot satisfy their burden, it offends traditional notions of fair play and substantial justice for Mr. Tassillo to be haled into court in California without any well-founded allegation that he had contacts with the forum where the injury purportedly occurred.[4]  Plaintiffs' theory does violence to the well-established due process requirements underlying specific personal jurisdiction.  *Int'l Shoe Co.* v. *State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citing *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)); *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297 (1980); *see also Doe* v. *Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) (Walker, J.) (granting defendants' 12(b)(2) motion and stating that the district court "is not an international court of internet law.").

## C.  <u>Nationwide Personal Jurisdiction Does Not Apply and, In Any Event, Is Not Satisfied</u>

Plaintiffs cite the RICO nationwide service provision (18 U.S.C. § 1965(b)), Fed. R. Civ. P. 4(k)(2), and 18 U.S.C. § 2255's nationwide service provision[5] in

---

[4]Moreover, only five of the 34 plaintiffs allege an injury that occurred in California. (Compl. ¶¶ 11, 12, 15, 26, 30.)

[5]18 U.S.C. § 2255, also called Masha's Law, provides a civil remedy for personal injuries caused by the sexual exploitation of children. The law, in relevant part, states: "Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, . . . [etc.] and who suffers personal injury as a result of such violation . . . may sue in any appropriate United States District Court and shall recover the actual damages such person sustains . . . ." 18 U.S.C. 2255(a).  Subsection (c)(2) provides that "[i]n an action brought under subsection (a), process may be served in any district in which the defendant— (A) is an inhabitant; or (B) may be found."

the Complaint to suggest that nationwide personal jurisdiction applies.  They are
wrong in all respects.

The law is clear that the RICO statute's nationwide service provision, 18
U.S.C. § 1965(b), does not confer personal jurisdiction over foreign defendants
like Mr. Tassillo, who were not served in the United States.  *See United States.
Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1184 (C.D. Cal. 1998), *aff'd and
adopted,* 248 F.3d 915 (9th Cir. 2001) ("In short, because RICO's 'national
contacts' test is predicated on the rule that a court may obtain personal jurisdiction
over a defendant by effecting service under a federal statute authorizing nationwide
or worldwide service, RICO does not apply where, as here, the defendant is served
outside of the United States.").  In any event, as explained below, plaintiffs do not
allege sufficient facts to support their RICO claims against Mr. Tassillo.  Without a
colorable RICO claim, a court cannot exercise personal jurisdiction under Section
1965(b).  *See e.g., Just Film, Inc. v. Merchant Services, Inc.*, 2010 WL 4923146
(N.D. Cal. Nov. 29, 2010).

With respect to Fed. R. Civ. P. 4(k)(2), jurisdiction is not established for
substantially the same reasons that jurisdiction does not exist under the California
long arm statute.  The Ninth Circuit use a three-part analysis to assess whether
jurisdiction is proper under Fed. R. Civ. P. 4(k)(2).  First, the claims against the
defendant must arise under federal law.  Second, the defendant must not be subject
to the personal jurisdiction of any state court of general jurisdiction.  Third, the
federal court's exercise of personal jurisdiction must comport with due
process.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006)
(internal citations omitted).  "The third requirement of the Rule 4(k)(2) analysis is
the same as the Ninth Circuit's test for specific jurisdiction, except that instead of
looking at the defendant's contact with the forum state, the court must consider
contacts with the nation as a whole."  *Blizzard Ent., Inc. v. Joyfun Inc Co., Ltd.,*
No. SACV191582JVSDFMX, 2020 WL 1972284, at *5 (C.D. Cal. Feb. 7, 2020).

1    A defendant must have minimum contacts with the United States such that the

2    assertion of jurisdiction "does not offend traditional notions of fair play and

3    substantial justice." *Pebble Beach Co.* at 1155.

4        Courts have stated that the federal long arm statute was enacted to cover

5    situations where a defendant has "ample contacts with the nation as a whole, but

6    whose contacts are so scattered among states that none of them would have

7    jurisdiction," *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th

8    Cir. 2001), *as amended* (July 2, 2001) (citation omitted), and that it authorizes

9    district courts to exercise jurisdiction over a foreign defendant "in a narrow band of

10    cases" where "the United States serves as the relevant forum for a minimum

11    contacts analysis." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,

12    284 F.3d 1114, 1126 (9th Cir. 2002); "That bar is relatively high when assessing a

13    defendant's contacts with the nation as a whole under Rule 4(k)(2)." *Fumoto Giken*

14    *Co. v. Mistuoka*, No. CV149797DMGMRWX, 2015 WL 12766167, at \*4 (C.D.

15    Cal. Apr. 16, 2015).

16        The decision in *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir.

17    2020) is instructive.   In that case, the Ninth Circuit held that the defendant, an

18    operator of a foreign pornography website and a Polish citizen, had insufficient

19    contacts with the United States even though the plaintiffs alleged he had registered

20    two websites in Arizona that forwarded users to the pornography website, and

21    entered into an agreement with a United States-based company for DNS services

22    (which make it easier for US-based visitors to access the pornography site). *Id.* at

23    1205; 1212 n.9 (stating that "nothing more than AMA's contested bare allegations

24    support any personal involvement by Wanat in uploading, encouraging the

25    uploading, or intentionally failing to remove the infringing content.").

26        Here, the Complaint contains no allegations about Mr. Tassillo's conduct, let

27    alone allegations about any conduct directed at the United States or contacts with

28    the United States.  In *AMA Multimedia*, the complaint alleged U.S. contacts, but

the allegations were nonetheless deemed insufficient.  Accordingly, plaintiffs fail to establish the minimum contacts necessary for nationwide jurisdiction over Mr. Tassillo to comport with due process.

Finally, 18 U.S.C. § 2255 is also inapplicable.  A plain reading of the statute demonstrates that it does not authorize service on foreign defendants. *See* 18 U.S.C. § 2255(c)(2) (stating service is authorized "*in any district* in which the defendant— (A) is an inhabitant; or (B) may be found.") (emphasis added).  In addition, the court's power to confer personal jurisdiction is still limited by the due process clause and the nationwide contacts analysis.  *See Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1416 (9th Cir. 1989) (stating "when a statute authorizes nationwide service of process, national contacts analysis is appropriate").  Here, as described above, the Complaint has no allegations of Mr. Tassillo's contacts with the United States.

In any event, plaintiffs have not pleaded a colorable 18 U.S.C. § 2255 claim against Mr. Tassillo.  The Complaint fails to sufficiently plead any acts by Mr. Tassillo that affected plaintiffs, let alone one of the predicate criminal acts required to establish a claim under Section 2255, as explained below (*see infra* at 19).

## II.   Plaintiffs' Claims Against Tassillo Do Not Satisfy Basic Pleading Requirements.

Even if the Court had jurisdiction over Mr. Tassillo, the claims against him plainly do not satisfy Federal Rule of Civil Procedure 8(a), which requires plaintiffs to allege sufficient facts supporting a plausible claim.  The 177-page Complaint is devoid of allegations identifying specific conduct by Mr. Tassillo.  Dismissal is warranted when, as here, the pleading is not "sufficiently focused to allow the defendants to properly understand its claims and the Court to do justice." *Mason v. Cty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (plaintiffs must provide sufficient factual allegations that would "nudg[e] their claims across the line from

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

conceivable to plausible.")  Although plaintiffs seek to include Mr. Tassillo as a defendant in all but one of their 19 claims by defining him on page 2 of the Complaint as one of the "MindGeek Defendants," he is not referenced by name in *any* paragraph setting out those claims.

It is also a "basic pleading defect for a complaint to 'lump' parties together and to fail to distinguish between named defendants." *Beatport LLC v. SoundCloud Ltd,* No. CV 19-847 MRW, 2020 WL 3977602, at *5 (C.D. Cal. July 13, 2020). As the Ninth Circuit has explained, collective allegations as to multiple defendants does not satisfy the requirement of alleging particular details of the scheme regarding each defendant.  *United States ex rel. Swoben v. United Healthcare Ins. Co*., 848 F.3d 1161, 1184 (9th Cir. 2016).  So-called "shotgun pleadings" "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Sollberger v. Wachovia Sec*., LLC, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010); *see Securities and Exchange Commission v. Ferrante*, 2019 WL 8230852, at *4 (C.D. Cal. Jan. 23, 2019) (Carney, J.) (finding insufficient "shotgun pleading" in which plaintiff "fails to differentiate between the defendants such that it is impossible to determine which defendant is accused of what").

Such is the case with plaintiffs' Complaint, which repeatedly references "MindGeek Defendants" or "MindGeek" in its allegations but does not specify whether it is referencing a corporate defendant or individual defendant.  Dismissal of claims against an individual officer of a company is warranted when plaintiffs fail to allege any discrete facts connecting the defendant-officer to the asserted claims against the company.  *See e.g., Brock v. Zuckerberg*, No. 20-CV-7513 (LJL), 2021 WL 2650070, at *4 (S.D.N.Y. June 25, 2021) (stating "Plaintiff fails to allege any facts that connect Zuckerberg or Sandberg to Facebook's removal of

his posts. In the absence of any allegations connecting Zuckerberg or Sandberg to

Plaintiff's claims, the Amended Complaint must be dismissed.").

In addition, two of plaintiffs' claims sound in fraud (Counts XVII and

XVIII), and are therefore subject to the heightened pleading requirements

of Federal Rule of Civil Procedure 9(b).  *Bly-Magee v. California*, 236 F.3d 1014,

1018 (9th Cir. 2001). A plaintiff alleging fraud "must state with particularity the

circumstances constituting fraud." Fed. R. Civ. P. 9(b).  This includes "an account

of the time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d

756, 764 (9th Cir. 2007).  No particularized allegations about Mr. Tassillo appear

in the Complaint.

**III.    Section 230 Immunity Extends to Mr. Tassillo.**

Because all of plaintiffs' claims seek to treat the MindGeek defendants as

publishers or speakers of information provided by other content providers, they are

barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.[6] In

enacting Section 230, Congress made a deliberate policy decision that providers of

Interactive Computer Services ("ICSs") like Pornhub cannot be held liable for

content created by their users. *Gonzalez v. Google, LLC*, 2 F.4th 871, 887 (9th Cir.

2021).    Congress designed Section 230 "to promote the free exchange of

information and ideas over the Internet and to encourage voluntary monitoring for

offensive or obscene material." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099–1100

(9th Cir. 2009) (internal quotation omitted).

In keeping with these principles, courts have extended Section 230 immunity

to officers of ICSs asserting the protection whose only connection to the lawsuit is

their association to the organization.  For instance, in a lawsuit against Facebook

---

[6] Mr. Tassillo incorporates by reference and joins in the arguments made by MindGeek in its
motion to dismiss with respect to Section 230 immunity. (*See generally* MindGeek Mot. to
Dismiss Br., Section IV)

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

1  and its CEO, the D.C. Circuit held that "Mark Zuckerberg, too, qualifies for

2  protection because he is a 'provider' of Facebook's interactive computer

3  service, 47 U.S.C. § 230(c)(1), and Klayman's complaint seeks to hold him

4  accountable for his role in making that service available, Compl. ¶ 12." *Klayman v.*

5  *Zuckerberg*, 753 F.3d 1354, 1357–58 (D.C. Cir. 2014). *See also La'Tiejira v.*

6  *Facebook, Inc.,* 272 F.Supp.3d 981 (S.D. Tex. 2017) (stating that "Facebook

7  Defendants [which includes Zuckerberg] are entitled to CDA immunity because

8  (1) *they* are providers of an "interactive computer service") (emphasis added);

9  *People v. Ferrer*, 2016 WL 7237305 (2016) (holding that Backpage.com and its

10  officers could not be prosecuted under state criminal laws for Section 230-

11  immunized conduct); *Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450, 474

12  (E.D.N.Y. 2011) (extending Section 230 immunity to three officers of a consumer

13  review website, who, along with the entity, were sued under the Lanham Act and

14  civil RICO).  Here these principles apply *a fortiori* because plaintiffs have failed to

15  allege anything about Mr. Tassillo other than his purported role as COO.

16         Accordingly, even if plaintiffs met the basic pleading standard in Rule

17  8(a)—which they do not—the claims against Mr. Tassillo are barred by Section

18  230.[7]

19

20

21

[7] On September 3, 2021, this Court issued an Order in *Doe v. MindGeek USA, Incorporated*, No.
22  8:21-CV-00338-CJC-ADS which denied a motion to dismiss on the ground that Section 230
does not apply because the plaintiff plausibly alleged that defendants were partial "creators" of
23  her ex-boyfriend's videos under the "material contribution" standard set out in *Fair Housing
Council v. Roommates.com*, LLC, 521 F.3d 1157 (9th Cir. 2008) (en banc) and its progeny.
24  2021 WL 4167054, at *3 (C.D. Cal. Sept. 3, 2021).  Since that ruling, three significant legal
developments have occurred, including the substantial modification of two district court opinions
25  that the Court cited in its Order; a pending motion for reconsideration and modification of the
Court's September 3, 2021 Order is pending. *See generally  Doe v. MindGeek USA,*
26  *Incorporated*, No. 8:21-CV-00338-CJC-ADS, Dkt. 73, (C.D. Cal. Sept. 30, 2021).  A resolution
of this issue is not necessary as to Mr. Tassillo given the fundamental pleading deficiencies
27  described herein.

28
DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

## IV.    Pleading Deficiencies by Count

For ease of reference, identified below are the pleading requirements for each count asserted against Mr. Tassillo and why the Complaint falls short.[8]  As discussed above, all of the counts fail to satisfy basic notice pleading requirements and are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

**Counts I, II, and IV (TVPRA):**  In their First and Second Claims for Relief against "MindGeek Defendants," plaintiffs allege violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591(a)(1), (a)(2), 1595(a) based on the allegations that "*MindGeek* recruited, harbored, transported, obtained, advertised, maintained, patronized and or/solicited minors or victims of sexual abuse that they knew or should have known were not of age or had been abused," and that "the *MindGeek Defendants* knowingly benefit from a sex trafficking venture by benefitting financially or receiving something of value." (Compl. ¶¶ 486, 493) (emphasis added).  In their Fourth Claim of Relief, plaintiffs assert a violation of 18 U.S.C. 1594(c), the TVPRA's "conspiracy" provision, on the basis that "*Defendants* conspired by agreement . . . . [and] *Defendants* committed overt acts. . . . ." (Compl. ¶ 509) (emphasis added).

The Complaint has no specific allegations about conduct by Mr. Tassillo (or any other defendant) in these counts, and no allegation that Mr. Tassillo performed any acts that affected plaintiffs, much less that he "knowingly" committed the perpetrator-like conduct set forth in Section 1591(a)(1) of the TVPRA. 18 U.S.C. § 1591(a)(1).  Similarly, to the extent plaintiffs assert their claim against Mr. Tassillo under Section 1595 on a "beneficiary" theory under 1591(a)(2), that claim also fails because the Complaint has no allegation that Mr. Tassillo participated in a

---

[8] Mr. Tassillo also incorporates by reference and joins in the arguments made by MindGeek in its motion to dismiss with respect to the pleading deficiencies in Counts I - II and Count IV - Counts XIX of the Complaint. (*See generally* MindGeek Mot. to Dismiss Br., Sections V - VIII).

venture with sex traffickers let alone that he knew or should have known of plaintiffs' alleged sex trafficking or benefited from it.  18 U.S.C. § 1591(a)(2). Finally, regarding the TVPRA's conspiracy provision, the Complaint has no allegation that Mr. Tassillo entered into an agreement with others to commit unlawful acts, and none of the alleged overt acts reference Mr. Tassillo, directly or by implication. 18 U.S.C. § 1594(c).  Accordingly, plaintiffs' claims under 18 U.S.C. §§ 1591(a), 1594(c), and 1595 must be dismissed.[9]

**Counts V, VI, and VII (Civil RICO):**  Plaintiffs' civil RICO claims also lack any reference whatsoever to Mr. Tassillo.  Plaintiffs are required to plead, among other things, "at least two predicate acts *by each defendant*." *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis added). Plaintiffs' failure to identify any unlawful conduct by Mr. Tassillo, let alone two predicate acts, is fatal to their civil RICO claims against him. *See Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015) (rejecting RICO claim because it was not clear from plaintiffs' allegations "what exactly each individual did, when they did it, or how they functioned together as a continuing unit.").

---

[9] Section 230 immunity extends to TVPRA claims unless "the conduct underlying the claim constitutes a violation of [S]ection 1591," the criminal statute prohibiting sex trafficking. 47 U.S.C. § 230(e)(5)(A).  Although the Court's decision in *Doe v. Mindgeek USA Inc.*, No. SACV2100338CJCADSX, 2021 WL 4167054, at *4 (C.D. Cal. Sept. 3, 2021) concluded that the exception does not require the higher requisite mental state of a Section 1591 claim, this conclusion is against the weight of authority, including recent decisions all finding that Section 230 provides an exemption from immunity for a section 1595 claim only if the defendant's conduct amounts to a violation of section 1591.  *See M.L. v. craigslist Inc.*, No. 3:19-cv-06153, Dkt. 225, (W.D. Wash. Sept. 16, 2021); *J.B. v. G6 Hospitality*, LLC, 2021 WL 4079207 *Id*. at *20 (N.D. Cal. Sept. 8, 2021); *Doe v. Reddit, Inc.*, No. 21-cv-00768-JVS-KES (C.D. Cal.) (tentative order).  *See also Doe v. Kik*, 482 F. Supp. 3d 1242 (S.D. Fla. 2020) (holding that FOSTA exempts only a subsection of Section 1595 claims—those that meet the criminal *mens rea* standard in Section 1591—from Section 230 immunity because Congress intended to impose a more stringent standard for claims against ICSs); *Gonzalez v. Google LLC*, 2 F.4th 871, 892-893 (9th Cir. 2021) ( "a website is not transformed into a content creator or developer by virtue of supplying 'neutral tools' that deliver content in response to user inputs" unless it makes a "material contribution" to the contents' illegality.) In any event, the Court need not reach this issue as to Mr. Tassillo on account of the complete absence of specific allegations of any unlawful conduct on his part.

DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920

Under Section 1962(c), plaintiffs must also allege specific facts showing Mr. Tassillo played "some part in directing the enterprise's affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *see In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.,* 497 F. Supp. 3d 552, 605-06, 608 (N.D. Cal. 2020) ("without identification of specific acts taken by" the officer and director defendants, even a general allegation that they had "final say" over allegedly unlawful marketing practices was insufficient to show participation in RICO enterprise). Here, the plaintiffs have made no allegation at all about Mr. Tassillo's participation in the conduct of the alleged enterprise's affairs.[10] This too is fatal to their civil RICO claim.

**Counts VIII and IX (Child Pornography Offenses)**: In plaintiffs' Eight and Ninth Claims for Relief, they assert civil actions under the federal criminal provisions prohibiting the receipt, transport, and possession of child pornography. Regarding these alleged child exploitation materials ("CSAM") offenses, plaintiffs fail to plead, as they must, Mr. Tassillo "knowingly" received, transported, or possessed such materials. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994). Plaintiffs have not made any allegation pertaining to Mr. Tassillo and CSAM, and certainly not that Mr. Tassillo knew plaintiffs' videos contained CSAM prior to plaintiffs' takedown request. Accordingly, plaintiffs fail to state a claim because the statute requires that plaintiffs be "aggrieved by reason of" the knowing receipt, transport, or possession of CSAM. 18 U.S.C. § 2252A(f)(1).

**Counts X, XI, and XII (Public Disclosure of Private Facts, Intrusion into Private Affairs and Placing Plaintiff in a False Light):[11]** Plaintiffs' common law

---

[10] In addition to these deficiencies, plaintiffs' civil RICO claims fail because they do not allege the elements of an "enterprise." (*See generally* MindGeek Mot. to Dismiss Br., Section VI).

[11] Plaintiffs' California common law and statutory claims in Counts X - XVIII are analyzed herein under California law for purposes of this motion based on the pleading. We note, however, that the law of different jurisdictions will apply depending on the facts specific to a given plaintiff, and there is a strong presumption against the extra-territorial application of California law with respect to non-U.S. plaintiffs. (*See* MindGeek Mot. to Dismiss Br., Sections VIII, II).

tort claims for privacy violations allege that "[b]y maintaining, streaming, distributing, reuploading and monetizing videos and images" of sexual acts, MindGeek wrongfully made public disclosures of private facts and intruded upon private affairs.  (Compl. ¶¶ 592, 600, 605) (emphasis added).

Regarding all the common law and state law torts alleged in the Complaint against Mr. Tassillo, "[d]irectors and/or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they personally participate in the wrong." *United States Liability Ins. Co. v. Haidinger–Hayes, Inc.,* 463 P.2d 770 (Cal. 1970).  The Complaint is silent as to Mr. Tassillo's alleged participation in any wrongful acts.  Plaintiffs make allegations only about Mr. Tassillo's purported role as COO, and that association cannot form the basis of individual tort liability. *See Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 503 (1986) ("It is well settled that corporate directors cannot be held vicariously liable for the corporation's torts in which they do not participate. Their liability, if any, stems from their own tortious conduct, not from their status as directors or officers of the enterprise.").  For this reason alone, the common law and state law torts directed against Mr. Tassillo fail.

Even assuming plaintiffs could sufficiently plead these claims, they would still fail because Section 230 bars them.  Courts routinely hold that the basis for these kinds of privacy torts presupposes the website's "role as a 'republisher' of material posted by a third party," and therefore, they are barred by Section 230. *See e.g., Caraccioli v. Facebook, Inc*., 700 F. App'x 588, 590 (9th Cir. 2017) (holding claims against Facebook for intrusion into private affairs and false light, among others, based on Facebook's refusal to remove private photos and videos of the plaintiff from Facebook, was barred under Section 230).

**Counts XIII and XIV (Common Law and California Statutory Commercial Misappropriation):**  In plaintiffs' Thirteenth and Fourteenth Claims for Relief, they allege that "[b]y maintaining, streaming, distributing, reuploading

and monetizing videos and images of sexually explicit conduct" MindGeek
appropriated Plaintiffs' identities and pictures. (Compl. ¶¶ 612, 617.)

To state a common law claim for commercial misappropriation, a plaintiff
must allege: (1) Mr. Tassillo's use of plaintiffs' identities; (2) the appropriation of
plaintiffs' names or likenesses, commercially or otherwise; (3) lack of consent; and
(4) resulting injury. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir.
1998). To state a statutory claim under section 3344, a plaintiff must plead all the
elements of the common law claim and must also prove (5) a knowing use by the
defendant," and (6) "a direct connection between the alleged use and the
commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1000 (9th
Cir. 2001).

Plaintiffs fail to allege the elements of a misappropriation claim under
common law or under Cal. Civil Code § 3344 against Mr. Tassillo. The Complaint
does not contain any allegation that Mr. Tassillo appropriated plaintiffs' names or
likenesses, or that he knowingly used plaintiffs' identities for a commercial
purpose. Accordingly, these claims should be dismissed.

**Count XV (Cal. Civ. Code § 1708.85):** In plaintiffs' Fifteenth Claim for
Relief, they allege that "[b]y maintaining, streaming, distributing, reuploading and
monetizing videos and images of sexually explicit conduct, including non-
consensual acts and child pornography, of plaintiffs on its websites, . . . *MindGeek*
intentionally distributed videos and images of the Plaintiffs." Compl. ¶ 622. The
California statute provides a private right of action "against a person who
intentionally distributes" private sexually explicit materials "without the other's
consent" if "the person knew that the other person had a reasonable expectation that
the material would remain private." Cal. Civ. Code § 1708.85. But the Complaint
has no allegation that Mr. Tassillo "intentionally distributed" videos or images
depicting the plaintiffs, or that he even knew these materials existed. Accordingly,
plaintiffs have failed to plead a claim under Section 1708.85 against Mr. Tassillo.

**Count XVI (Negligence):** Plaintiffs' Sixteenth Claim for Relief alleges that "*MindGeek* had a duty to use ordinary care to prevent injury to Plaintiffs," and "[b]y maintaining, streaming, distributing, reuploading and monetizing videos and images of sexually explicit conduct, including non-consensual acts and child pornography, of plaintiffs on its websites, . . . *MindGeek* breached the duty of care to Plaintiffs." (Compl. ¶¶ 629-30) (emphasis added.)

This negligence claim fails because plaintiffs have not alleged any legal duty owed to them by Mr. Tassillo, much less any acts that would constitute a breach of that duty. Absent from the Complaint is any allegation from which the Court could conclude that a special relationship existed between Mr. Tassillo and plaintiffs. Courts consistently decline to find special relationships between users and websites. *See, e.g.*, *Doe v. MySpace*, 474 F. Supp. 2d 843, 846, 852 (W.D. Tex. 2007) (dismissing negligence claims because Myspace did not owe a legal duty to parents of a teenager who was raped to protect their daughter from criminal acts "nor to institute reasonable safety measures on its website"). The point is even more stark with respect to users of websites and a COO of the company that owns the website.

**Count XVII (Unjust Enrichment):** In plaintiffs' Seventeenth Claim for Relief, they allege that "*MindGeek* benefitted financially and profited from videos and images depicting Plaintiffs on MindGeek's websites . . . . [and] [b]y profiting from these videos and images, *Defendants* have become unjustly enriched at the expense of the Plaintiffs in an amount to be determined at trial." (Compl. ¶¶ 634, 636) (emphasis added)

Plaintiffs' unjust enrichment claim against Mr. Tassillo fails as a threshold matter because the majority of courts in California, including this Court, have held that unjust enrichment is not an independent cause of action. *See, e.g., Doe v. Mindgeek USA Inc.,* 2021 WL 4167054, at \*11; *In re Toyota Motor Corp. Unintended Acceleration Mrtg., Sales Practices, and Prods. Liab. Litig.*, 2010 WL

**DAVID TASSILLO'S MOTION TO DISMISS
CASE NO. 2:21-cv-4920**

1  4867562, at \*39 (C.D. Cal. Nov. 30, 2010); *In re DirecTV Early Cancellation*
2  *Litig.*, 2010 WL 3633079, at \*27 (C.D. Cal. Sept. 7, 2010).

3      In addition, even if unjust enrichment were allowed as a cause of action,
4  plaintiffs have not alleged any unjust enrichment by Mr. Tassillo, much less met
5  the heightened pleading standard in Rule 9(b) for claims sounding in fraud.
6  *See e.g., Puri v. Khalsa*, 674 Fed.Appx. 679, 690 (9th Cir. 2017) (applying Rule
7  9(b) to unjust enrichment claim based on fraud).

8      **Count XVIII** (**Cal. Bus. & Prof. Code §§ 17200 and 17500**):  Plaintiffs
9  also allege that "Defendants fraudulently deceived its users that they were
10 monetizing, distributing, and advertising legitimate legal content, when in fact
11 defendants' websites were riddled with videos of rape, child pornography, Sex
12 trafficking, and other non-consensual content . . . . This conduct constitutes an
13 unlawful, unfair, and fraudulent business practice." (Compl. ¶ 630.)

14     This Unfair Competition Law claim is insufficiently pleaded because
15 plaintiffs have not alleged any specific unlawful acts by Mr. Tassillo.  In addition,
16 plaintiffs have not alleged economic injury and therefore, they do not have
17 standing to assert the claim. *Huynh v. Quora, Inc*., 2019 WL 11502875, at \*7
18 (N.D. Cal. Dec. 19, 2019).  Because plaintiffs' claim is premised on an alleged
19 misrepresentation, it also fails to meet Rule 9(b)'s requirements because plaintiffs
20 do not allege with particularity any specific misrepresentation made by Mr.
21 Tassillo.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320, 322-25 (2011);
22 *Letizia v. Facebook Inc*., 267 F. Supp. 3d 1235, 1244 (N.D. Cal. 2017).

23     **Count XIX (Civil Conspiracy):**  Plaintiffs' Nineteenth Claim for Relief
24 fails because, under California law, civil conspiracy is not a separate and distinct
25 tort cause of action.  *See, e.g., Applied Equipment Corp. v. Litton Saudi Arabia
26 Ltd.,* 7 Cal.4th 503, 528 (1994) (stating that, "Conspiracy is not an independent
27 tort; it cannot create a duty or abrogate an immunity.  It allows tort recovery only
28 against a party who already owes the duty and is not immune from liability based

- 23 -

on applicable substantive tort law principles."); *Ent. Rsch. Grp., Inc. v. Genesis
Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) (stating that "merely
alleging underlying tort causes of action is clearly insufficient to support a
conspiracy cause of action.").

## <u>CONCLUSION</u>

For the reasons discussed above, David Tassillo respectfully requests that the
Court dismiss this action for lack of personal jurisdiction or, in the alternative, for
failure to state a claim.

DATED: October 20, 2021        Respectfully Submitted,

WIECHERT, MUNK & GOLDSTEIN, PC


By: /s/ David W. Wiechert
    David W. Wiechert (SBN 94607)

    MORVILLO ABRAMOWITZ GRAND
    IASON & ANELLO PC
    Jonathan S. Sack (*pro hac vice pending*)
    Karen R. King (*pro hac vice pending*)
    Ryan McMenamin (*pro hac vice pending*)
    *Attorneys for Specially Appearing Defendant
    David Tassillo*

# CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of Wiechert, Munk & Goldstein, PC, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On October 20, 2021, I served the forgoing documents, described as **SPECIALLY APPEARING DEFENDANT DAVID TASSILLO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER** on all interested parties as follows:

[ ]  **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  **BY E-MAIL:**  I caused the document(s) to be transmitted electronically by filing the forgoing with the clerk of the District Court using the CM/ECF system, which electronically notifies counsel for all parties.

[ ]  **BY PERSONAL DELIVERY:**  I personally delivered the document(s) listed above to the person(s) as indicated on the attached service list.

[X]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2021, at San Juan Capistrano, California.

/s/*Danielle Dragotta*
Danielle Dragotta