1
2
3
4
5
6
7
8
9
10
11

WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Phone: (949) 361-2822
Facsimile: (949) 361-5722
dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (*pro hac vice* forthcoming)
Colin C. Bridge (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Phone: (212) 957-600
Facsimile: (212) 957-4514
jbrown@cohengresser.com
nread@cohengresser.com
cbridge@cohengresser.com

12   *Attorneys for Defendant*
     *Feras Antoon*

13          **UNITED STATES DISTRICT COURT**

14      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16   SERENA FLEITES and JANE DOE
     DOS. 1 through 33,                          Case No. 21-cv-04920-CJC-ADS

17              Plaintiffs,                       **NOTICE OF MOTION AND**
                                                  **MOTION TO DISMISS THE**
18        v.                                      **COMPLAINT (DKT. No. 1);**
                                                  **MEMORANDUM OF POINTS**
19   MINDGEEK S.A.R.L., a foreign entity;        **AND AUTHORITIES IN**
     MG FREESITES, LTD., a foreign entity;       **SUPPORT THEREOF**
20   MINDGEEK USA INCORPORATED, a
     Delaware corporation; MG PREMIUM
21   LTD, a foreign entity; RK HOLDINGS          **Date: January 24, 2022**
     USA INC., a Florida corporation, MG         **Time: 1:30 p.m.**
22   GLOBAL ENTERTAINMENT INC., a                **Courtroom: 9B**
     Delaware corporation, TRAFFICJUNKY          **Judge: Hon. Cormac J. Carney**
23   INC., a foreign entity; BERND
     BERGMAIR, a foreign individual;
24   FERAS ANTOON, a foreign individual;
     DAVID TASSILLO, a foreign individual;
25   COREY URMAN, a foreign individual;
     VISA INC., a Delaware corporation;
26   COLBECK CAPITAL DOES 1-10; and
     BERGMAIR DOES 1-10
27
                Defendants.
28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

PLEASE TAKE NOTICE that on January 24, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Cormac J. Carney, in Courtroom 9 B of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth, Santa Ana, California 92701-4516, Defendant Feras Antoon will and does hereby move to dismiss the Complaint filed by Serena Fleites and Jane Doe Nos. 1 through 33 in its entirety as to Mr. Antoon.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that the Court lacks personal jurisdiction over Defendant Antoon, and Rule 12(b)(6) on the grounds that the Complaint fails to state a claim against him upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion to Dismiss the Complaint; the Memorandum of Points and Authorities in support thereof; the Proposed Order attached hereto; the Motions to Dismiss and Memoranda of Points and Authorities in support thereof of the other Defendants in this action; the pleadings and other records in the Court's file; and such other written and oral argument as may be presented to the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 8, 2021.

Dated: October 20, 2021

WIECHERT, MUNK & GOLDSTEIN, PC

By: /s/ *David W. Wiechert*
David W. Wiechert (SBN 94607)

COHEN & GRESSER LLP

Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (*pro hac vice* forthcoming)
Colin C. Bridge (admitted *pro hac vice*)
*Attorneys for Defendant Feras Antoon*

1
**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ................................................................................................ 2

ARGUMENT .................................................................................................... 6

I.    THERE IS NO PERSONAL JURISDICTION OVER MR. ANTOON ............................................................................................. 6

    A.    There is No General Jurisdiction Over Mr. Antoon ............................. 7

    B.    There Is No Specific Jurisdiction Over Mr. Antoon............................. 8

        1.    The Complaint Fails To Plead Sufficient Contacts Between Mr. Antoon and California ........................................... 9

        2.    The Alleged California Contacts of the MindGeek Entities Cannot Establish Specific Jurisdiction Over Mr. Antoon. ....................................................................... 12

        3.    Neither Mr. Antoon's Nor The MindGeek Entities' Nationwide Contacts Suffice to Establish Personal Jurisdiction Over Him. .............................................................. 14

        4.    Exercising Jurisdiction Over Mr. Antoon Would Be Unreasonable .......................................................................... 17

II.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ...................................................... 17

    A.    The Sex Trafficking Claims (Counts I, II, and IV) Should be Dismissed. ................................................................... 19

    B.    The Child Pornography Claims (Counts V and VI) Should be Dismissed................................................................. 21

    C.    The Civil Rico Claims (Counts VII, VIII, and IX) Should be Dismissed ................................................................. 22

    D.    Plaintiff's State Law Claims Should be Dismissed ........................... 24

III.    The Complaint Should be Dismissed Because Section 230 Immunity Extends to Mr. Antoon ................................................... 25

IV.    CONCLUSION ................................................................................. 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*,
   484 F. Supp. 3d 921 (D. Or. 2020)................................................................15-16

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020).......................................................................*passim*

*Ascentive, LLC v. Opinion Corp.*,
   842 F.Supp.2d 450 (E.D.N.Y. 2011)....................................................................26

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)                                             18, 20, 21

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   *874 F.3d 1064 (9th Cir. 2017)* .............................................................................11

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. Aug. 27, 2021)............................................................9, 11

*Beatport LLC v. SoundCloud Ltd*,
   No. CV 19-847 MRW, 2020 WL 3977602 (C.D. Cal. July 13,
   2020).............................................................................................................18-19, 21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................18

*In re Boon Global Limited*,
   923 F.3d 643 (9th Cir. 2019) .................................................................................13

*Calder v. Jones*,
   465 U.S. 783 (1984) .................................................................................................6

*Chavez v. Robinson*,
   12 F.4th 978 (9th Cir. 2021)....................................................................................2

*Chirila v. Conforte*,
   47 F. App'x 838 (9th Cir. 2002)...........................................................................10

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Cisco Sys. Inc. v. Link US, LLC*,
  No. 18-CV-07576-CRB, 2019 WL 6682838 (N.D. Cal. Dec. 6, 2019) ................................................................................................ 11

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ......................................... 8

*Daimler v. AG Bauman*,
  571 U.S. 117 (2014) .................................................................. 7

*Doan v. Singh*,
  617 F. App'x 684 (9th Cir. 2015) ......................................... 23, 24

*Doe v. Mindgeek USA Inc.*,
  No. SACV2100338CJCADSX, 2021 WL 4167054 (C.D. Cal. Sept. 3, 2021) ......................................................................... 25

*Doe v. Unocal Corp.*,
  27 F. Supp. 2d 1174 (C.D. Cal. 1998) ....................................... 15

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ............................................... 21, 24

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
  No. 5:20-CV-06846-EJD, 2021 WL 3037701 (N.D. Cal. July 19, 2021) .......................................................................... 10

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) ................................................. 18

*Flynt Distrib. Co., Inc. v. Harvey*,
  734 F.2d 1389 (9th Cir. 1984) ................................................. 13

*Forest Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*,
  No. CV122916PSGFFMX, 2013 WL 11323601 (C.D. Cal. Dec. 13, 2013) .......................................................................... 23

*Gonzalez v. Google, LLC*,
  2 F.4th 871 (9th Cir. 2021) ..................................................... 25

*Harmoni Int'l Spice, Inc. v. Bai*,
  No. CV1600614BROASX, 2016 WL 6542731 (C.D. Cal. May 24, 2016) .......................................................................... 22

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ............................................................ 16

*Howard v. Am. Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ............................................................ 24

*Klayman v. Zuckerberg*,
   753 F.3d 1354 (D.C. Cir. 2014) .................................................. 25-26

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
   431 F.3d 353 (9th Cir. 2005) ............................................................ 22

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) .......................................................... 18

*Megaloudis v. YM & U Grp.*,
   No. CV201984PSGJPRX, 2020 WL 4979193 (C.D. Cal. May 20,
   2020) ............................................................................................... 7, 8

*Mehr v. Fed'n Internationale de Football Ass'n*,
   115 F. Supp. 3d 1035 (N.D. Cal. 2015) ............................................ 11

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) ............................................................ 6

*Papasan v. Allain*,
   478 U.S. 265 (1986) .......................................................................... 18

*People v. Ferrer*,
   No. 16FE019224, 2016 WL 7237305 (Cal.Super. Dec. 09, 2016) ................... 26

*Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*,
   No. C09-1786-JCC, 2012 WL 13024801 (W.D. Wash. Apr. 6,
   2012) ................................................................................................ 15

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) .............................................. 6, 7, 8, 15

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..................................................... *passim*

*Serenium, Inc. v. Zhou*,
   No. 20-CV-02132-BLF, 2020 WL 6275025 (N.D. Cal. Oct. 26,
   2020) ................................................................................................ 14

- iv -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Shin v. Time Squared Glob., LLC*,
   No. SACV1500943AGGJSX, 2015 WL 13284952 (C.D. Cal. Aug.
   26, 2015)........................................................................................... 19, 20

*Sihler v. Fulfillment Lab, Inc*,
   No. 3:20-CV-01528-H-MSB, 2020 WL 7226436 (S.D. Cal. Dec. 8,
   2020).................................................................................................... 12

*Sollberger v. Wachovia Sec., LLC*,
   No. SACV 09-0766AGANX, 2010 WL 2674456 (C.D. Cal. June
   30, 2010).............................................................................................. 19

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007)................................................................ 6

*Symettrica Ent., Ltd. v. UMG Recordings, Inc.*,
   No. LACV1901192CJCKLS, 2019 WL 8806093 (C.D. Cal. Sept.
   20, 2019)........................................................................................ 12, 13

*United States v. X-Citement Video, Inc.*,
   513 U.S. 64 (1994) ............................................................................. 21

*In re WellPoint, Inc.*,
   865 F. Supp. 2d 1002 (C.D. Cal. 2011)............................................... 22

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ....................................................................... 11

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017)....................................................... 13, 14

*Wood v. N. Am. Van Lines, Inc.*,
   No. 820CV02092JLSADS, 2021 WL 3124155 (C.D. Cal. July 22,
   2021).................................................................................................... 14

*Zeiger v. WellPet LLC*,
   304 F. Supp. 3d 837 (N.D. Cal. 2018) ................................................ 11

*Zoran Corp. v. Chen*,
   185 Cal. App. 4th 799 (Cal. Ct. App. 2010) ....................................... 13

**Statutes**

18 U.S.C.A. § 1591(a)(2) ........................................................................ 20

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

18 U.S.C. § 1594(c) ................................................................................ 21

18 U.S.C. § 2252 ..................................................................................... 21

18 U.S.C. § 2252A ................................................................................... 21

18 U.S.C. § 2255 ..................................................................................... 21

47 U.S.C. § 230 ....................................................................................... 25

**Court Rules**

Fed. R. Civ. P. 4(k)(1) ............................................................................. 7

Fed. R. Civ. P. 4(k)(2) ............................................................................. 7

Fed. R. Civ. P. 8(a)(2) ....................................................................... 17, 18

**Other Authorities**

Restatement (Third) Agency § 1.01 (2006) .............................................. 13

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT[1]

This case arises from claims against MindGeek S.a.r.l. and certain of its affiliated entities (the "MindGeek Entities") for their purported failure to remove explicit videos uploaded by third parties to their websites.  Not content to focus on these claims, Plaintiffs instead weave an unrelated and unsupported tale of sex trafficking, money laundering, and tax evasion.  The Complaint (ECF No. 1 ("Complaint" or "Compl.")) does not allege that defendant Feras Antoon, the MindGeek Entities' CEO, did anything to harm Plaintiffs, but instead concludes, without any of the required supporting facts, that he must have known everything that took place across many companies and many years.  The Complaint shows why Mr. Antoon should be dismissed from this case for three independent reasons.

*First,* even taking all of its factual allegations as true, the Complaint fails to establish personal jurisdiction over Mr. Antoon: he is a Canadian citizen who lives and works in Montreal and has no contacts with California or the United States.  Mr. Antoon has not directed any conduct at California, much less the required tortious or other wrongful conduct, and Plaintiffs' claims do not arise from any forum-directed conduct.  Further, any California contacts of the MindGeek Entities sued here cannot be used to establish jurisdiction over Mr. Antoon.  And although Plaintiffs are not entitled to base jurisdiction on nationwide contacts, Mr. Antoon does not have the required contacts with the United States in any case.  For these reasons, the exercise of personal jurisdiction over Mr. Antoon here would be unreasonable and violate Due Process.  *See* Section I.

---

[1] Pursuant to this Court's order dated July 26, 2021, the page limitation for Mr. Antoon's papers seeking dismissal under Rule 12 of the Federal Rules of Civil Procedure has been expanded to 50.  (*See* ECF No. 30.)

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1    *Second*, the case should be dismissed under Rule 12(b)(6) for failure to state

2    a claim against Mr. Antoon.  Plaintiffs' claims are simply not based on Mr.

3    Antoon's conduct.  The almost 180-page Complaint is filled with allegations about

4    the knowledge and conduct of "MindGeek" or an undifferentiated "MindGeek

5    Defendants," but Plaintiffs cannot rely on such group pleading and the handful of

6    conclusory references to Mr. Antoon are legally insufficient.  *See* Section II.

7        *Third*, Communications Decency Act Section 230, which affords internet

8    service providers broad immunity for content provided by third parties, also

9    protects Mr. Antoon.  *See* Section III.

10       For all of the reasons discussed herein, Plaintiffs' claims against Mr. Antoon

11   should be dismissed with prejudice.[2]

12                           **BACKGROUND**[3]

13   **The MindGeek Entities**

14       MindGeek S.a.r.l. is a foreign entity organized and existing under the laws

15   of Luxembourg.  (Compl. ¶ 45.)  Its subsidiaries include defendants MG Freesites,

16   Ltd., MindGeek USA Incorporated, MG Premium Ltd., RK Holdings USA Inc.,

17   MG Global Entertainment Inc., and Trafficjunky Inc.  (Compl. ¶¶ 46-51.)  These

18   _____

19   [2] The Court should also dismiss Plaintiffs' claims against Mr. Antoon for the
     reasons set forth in concurrently filed memoranda of points and authorities

20   submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey
     Urman pursuant to Rules 12(b)(2), 12(b)(6), and 20(a) of the Federal Rules of Civil

21   Procedure, with which he joins.

22   [3] Solely for purposes of this Motion, this section is drawn from the factual
     allegations in the Complaint.  *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*,

23   374 F.3d 797, 800 (9th Cir. 2004) (explaining while a plaintiff "cannot simply rest
     on the bare allegations of its complaint," "uncontroverted allegations in the

24   complaint must be taken as true" on a Rule 12(b)(2) motion (quotation marks and
     citation omitted)); *Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021)

25   (explaining courts "accept as true well-pleaded factual allegations, but not
     [t]hreadbare recitals of the elements of a cause of action, supported by mere

26   conclusory statements" on a Rule 12(b)(6) motion (quotation marks and citation
     omitted)).

27

28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

subsidiaries own and operate various adult websites, including Pornhub.  (*See, e.g.*, Compl. ¶ 46.)

The MindGeek Entities own a group of so-called tubesites that contain free digital pornography.  (Compl. ¶ 83.)  Users are drawn to their tubesites by the ability to access, upload, and exchange free content.  (*Id.*)  Like other media businesses, such as YouTube, the MindGeek Entities use the traffic on their sites to generate revenue by, among other things, (1) advertising their own paid content and (2) selling advertising space to third parties.  (*Id.*)  Traffic to their sites is the major source of revenue for the MindGeek Entities.  (Compl. ¶ 91.)

Like other media websites, the MindGeek Entities' sites offer "comprehensive terms of service, policies, and customer service functions" as well as "multiple layers of interaction." (Compl. ¶ 124).  And they employ moderators to police the content on their websites and to investigate and respond to complaints.  (*See, e.g.*, Compl. ¶¶ 190, 286, 318, 354.)

**Plaintiffs' Claims**

Plaintiffs are 34 women from across the globe.  (Compl. ¶¶ 11-44.)  They assert that sexually explicit videos of them were uploaded to sites affiliated with the MindGeek Entities without their consent.  (Compl. ¶¶ 270-404.)  The Complaint rarely pleads *who* uploaded these videos, but at least eleven of the Plaintiffs complain of videos depicting sex acts with former romantic partners. (Compl. ¶¶ 262 (boyfriend), 285 (boyfriend), 289 (boyfriend), 292 (boyfriend), 297 (boyfriend), 323 (ex-husband), 348 (boyfriend), 356 (partner), 388 (ex-husband), 395-96 (ex-boyfriend), 400-01 (ex-boyfriend).)  Plaintiffs assert that, because sexually explicit videos of them were posted on sites affiliated with the MindGeek Entities without their consent, they suffered physical, psychological, financial, and reputational harm.  (*See, e.g.*, Compl. ¶¶ 264-69, 273-75, 283-84, 287, 290-91, 293-94, 296, 300, 303-05, 310-11, 313-16, 318-19, 320-21, 325-28, 331-32, 336-

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

38, 343-44, 346-47, 349-50, 351-52, 353-55, 357, 359, 361-63, 365-66, 368-69, 373-74, 376-79, 383-84, 386-87, 392-94, 397-99, 403-44).

The Complaint asserts nineteen causes of action against the MindGeek Entities, Visa, Inc., and four individuals, including Mr. Antoon.  (*See* Compl. at 138-76.)   Against the MindGeek Entities and Mr. Antoon, Plaintiffs assert claims: (1) under 18 U.S.C. § 1595 for alleged violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); (2) under 18 U.S.C. § 2255 for alleged violations of the federal statutes prohibiting the possession and distribution of child pornography; (3) under 18 U.S.C. § 1964(c) for alleged RICO violations predicated on, among other things, alleged violations of the TVPRA and federal statutes prohibiting possession and distribution of child pornography; (4) under various California statutes for alleged misappropriation of likeness, distribution of private sexually explicit materials, and fraudulent business practices; and (5) for various common law torts.  (*See id.*)

At bottom, Plaintiffs claims are based on the theory that Mr. Antoon and the other defendants knew or should have known that the sexually explicit videos involving Plaintiffs were either posted without their consent or were made when certain of them were minors and defendants should have prevented the posting of these videos or had the videos taken down more quickly.

**Jurisdictional Allegations And Allegations About Mr. Antoon**

Only five U.S. plaintiffs resided in California at the times relevant to the allegations.  (Compl. ¶¶ 11, 12, 15, 26, 30.)   Thirteen of the Plaintiffs are foreign citizens and are not alleged to reside in the United States or to have any connections with the United States.  (Compl. ¶¶ 13, 17, 19-25, 34-36, 39.)

MindGeek S.a.r.l. and certain of the other MindGeek Entities are foreign entities that operate outside of the United States.  (*See* Compl. ¶¶ 45-46, 48, 51.) Of the MindGeek Entities, only MindGeek USA Incorporated, RK Holdings USA

- 4 -

Inc., and MG Global Entertainment Inc. are incorporated and have their principal

places of business in the United States. (*See* Compl. ¶¶ 47, 49-50.)[4]   Only

MindGeek USA Incorporated and MG Global Entertainment Inc. have offices in

California. (*See* Compl. ¶¶ 47, 50.)

Mr. Antoon is a resident of Canada and alleged to be the Chief Executive

Officer and a co-owner of the MindGeek Entities.  (Compl. ¶ 53.)  The Complaint

makes almost no factual allegations about Mr. Antoon and does not assert that

Plaintiffs had any interactions with Mr. Antoon or that his actions had any impact

on Plaintiffs.  It even neglects to specify *which* of the MindGeek Entities Mr.

Antoon purportedly has ownership interests or serves leadership roles in, pleading

only that he "is the co-owner and CEO of MindGeek," where MindGeek is defined

to encompass all of the MindGeek Entities.  (*Id.*, Compl. at 1.)

One of the few facts alleged is that Mr. Antoon testified before the Canadian

House of Commons.  (Compl. ¶ 82.)  In conclusory fashion and without factual

support, the Complaint also states that Mr. Antoon refers to himself and others at

the MindGeek Entities as the "Bro-Club," (Compl. ¶ 93), that he (with other so-

called Bro-Club members) retained "daily operational control" of the MindGeek

Entities after a transaction that allegedly took place in or about 2013 in which

Bernd Bergmair obtained control over the MindGeek Entities on behalf of a new

set of owners, (Compl. ¶ 119), and that he had a company that "would sign

exclusive deals with unknown porn performers" which he then promoted "to

increase the value of their content," (Compl. ¶ 154).  The Complaint also contends

that Mr. Antoon said that the structure of the MindGeek Entities gave so-called

Bro-Club members "plausible deniability." (Compl. ¶ 103.)  And an unidentified

"insider" purportedly—contrary to the alleged assertions of "plausible deniability"

---

[4] Indeed, as explained in the memorandum of points and authorities concurrently
filed by the MindGeek Entities, RK Holdings USA Inc. does not exist.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1   which the Complaint also credits—claimed Mr. Antoon and others in the Bro-Club

2   "would . . . know" "everything." (Compl. ¶ 204.)  The Complaint never alleges that

3   Mr. Antoon took any action in or directed any action toward California or the

4   United States, nor that he took any action that related in any way to any of the

5   Plaintiffs.

## ARGUMENT

## I.    THERE IS NO PERSONAL JURISDICTION OVER MR. ANTOON

Plaintiffs bear the burden of establishing personal jurisdiction over Mr.

Antoon.  *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  While

well-pleaded factual allegations will be taken as true, *see Schwarzenegger*, 374

F.3d at 800, "mere 'bare bones' assertions of minimum contacts with the forum or

legal conclusions unsupported by specific factual allegations" are insufficient,

*Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).  And "[e]ach defendant's

contacts with the forum . . . must be assessed individually."  *Calder v. Jones*, 465

U.S. 783, 790 (1984).

Personal jurisdiction may be asserted over a non-resident defendant only

when permitted by a state's long-arm statute and where the exercise of jurisdiction

does not violate due process.  *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201,

1207 (9th Cir. 2020).  California's long-arm statute applies here, and it "permits a

court to exercise personal jurisdiction over a defendant to the extent permitted" by

due process.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.

1998), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et

L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).  The analysis centers on whether a

defendant has sufficient contacts with California such that forcing him to defend

there does not violate due process.  *See, e.g.*, *Schwarzenegger*, 374 F.3d at 801,

807 (concluding defendant lacked sufficient contacts with California for long-arm

jurisdiction).

- 6 -

A court may exercise either general or specific jurisdiction over a defendant. *See Ranza*, 793 F.3d at 1068-69.  General jurisdiction covers any and all claims, "whether or not the conduct at issue has any connection to the forum." *Id.*  But general jurisdiction is only proper over "those nonresident defendants whose 'continuous and systematic' contacts in the forum state render them 'essentially at home' there." *Megaloudis v. YM & U Grp.*, No.  CV201984PSGJPRX, 2020 WL 4979193, at *2 (C.D. Cal. May 20, 2020) (quoting *Daimler v. AG Bauman*, 571 U.S. 117, 138-39 (2014)).  Specific jurisdiction is limited to cases that arise out of or relate to a defendant's contacts with the forum.  *See Ranza*, 793 F.3d at 1968.

Under certain circumstances, courts may evaluate a defendant's contacts with the United States as a whole, but only where (1) authorized to do so by a federal statute, *see* Fed. R. Civ. P. 4(k)(1)(C), or (2) a claim against the defendant arises under federal law and the defendant is not subject to the personal jurisdiction of any state, *see* Fed. R. Civ. P. 4(k)(2).

Plaintiffs cannot meet their burden to establish either general or specific personal jurisdiction over Mr. Antoon because he lacks sufficient contacts with California or the United States for the exercise of personal jurisdiction over him to comport with due process.

### A.    There is No General Jurisdiction Over Mr. Antoon

As the Supreme Court stated in *Daimler v. AG Bauman*, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." 571 U.S. at 137.  Mr. Antoon does not reside in California and the Complaint does not allege *any* contacts between him and California.  Faced with similar facts, courts regularly conclude they lack general jurisdiction. *See, e.g.*, *Megaloudis*, N2020 WL 4979193, at *3 (concluding court lacked general jurisdiction over individual defendant domiciled in Virginia).  There is thus unquestionably no basis for general jurisdiction over Mr. Antoon.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Moreover, no MindGeek Entity's contacts with California may be imputed to Mr. Antoon to confer general jurisdiction over him through an agency or alter ego relationship. The "*Daimler* decision invalidated the Ninth Circuit's agency test for purposes of general jurisdiction." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982 (N.D. Cal. 2016). And because, as discussed in more detail in Section I.B.2 below, the Complaint fails to allege facts establishing that any of the MindGeek Entities in California (or the United States) are Mr. Antoon's alter ego, the alter ego doctrine also cannot confer general jurisdiction over Mr. Antoon. *See, e.g.*, *Ranza*, 793 F.3d at 1074-75 (affirming dismissal where plaintiffs could not show the alter ego doctrine applied to confer general jurisdiction over non-resident corporate parent). In sum, there is no basis for general jurisdiction over Mr. Antoon.

## B.  There Is No Specific Jurisdiction Over Mr. Antoon

Ninth Circuit courts apply a three-pronged test to determine whether the exercise of specific jurisdiction is proper:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). It is the plaintiff's burden to satisfy the first two prongs of this test. *See id.* If that burden is met, the burden shifts to the defendant to show that exercising jurisdiction over him would not be reasonable. *See id.* If any of these three requirements is not satisfied, then due process precludes the exercise of personal jurisdiction. *See Wanat*, 970 F.3d at

- 8 -
**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1208.  Here, Plaintiffs have not met and cannot meet their burden of showing that
Mr. Antoon purposefully availed himself of the benefits and laws of California or
the U.S., and their claims do not arise out of or relate to Mr. Antoon's actions here.
And, what's more, the exercise of jurisdiction over Mr. Antoon would be
unreasonable.

### 1. The Complaint Fails to Plead Sufficient Contacts Between Mr. Antoon and California

Analysis of the first two prongs of the Ninth Circuit's test shows that Mr.
Antoon's contacts with California are insufficient to confer specific jurisdiction
over him.  Plaintiffs, therefore, cannot meet their burden to show that Mr. Antoon
purposefully directed his activities toward California and that their claims arise out
of and relate to his forum-related activities.

### a. Plaintiffs Have Not Alleged that Mr. Antoon Purposefully Directed His Conduct Toward California.

Under the first prong, Ninth Circuit courts focus "on purposeful availment
when the underlying claims sound in contract and on purposeful direction when
they arise from alleged tortious conduct committed outside the forum." *Ayla, LLC
v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. Aug. 27, 2021).  Plaintiffs'
claims against Mr. Antoon sound in tort; they do not allege any contract with Mr.
Antoon.  Accordingly, the purposeful direction test applies, and the relevant
inquiry is whether Mr. Antoon "(1) committed an intentional act, (2) expressly
aimed at the forum state, (3) causing harm that the defendant knows is likely to be
suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805 (citation omitted).

The allegations about Mr. Antoon fail to satisfy the purposeful direction test.
Indeed, the Complaint does not allege that he took any action aimed at California
or anywhere else in the U.S.  Instead, the Complaint states at most a conclusion
that Mr. Antoon knew of certain conduct that is several steps removed from any
action that purportedly caused harm to Plaintiffs.  (Compl. ¶ 204.)  But

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

"knowledge and consent—passive states of mind—do not constitute intentional acts directed at the forum state." *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002); *see also Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-CV-06846-EJD, 2021 WL 3037701, at *9 (N.D. Cal. July 19, 2021) (conclusory allegations of conspiracy with California company showed, at most, knowledge of and consent to wrongdoing, and were thus insufficient to establish jurisdiction over Taiwan domiciliary). Thus, even if the Court could credit the Complaint's statement that Mr. Antoon would know "everything" (a conclusion unsupported by any facts), and then draw the unwarranted inference from that conclusion that Mr. Antoon knew the MindGeek Entities allegedly failed to take the actions Plaintiffs contend they should have, that flimsy chain would not satisfy the purposeful direction test. Mr. Antoon's purported knowledge of acts (that may or may not have been committed in California or the U.S.) is not a sufficient basis for personal jurisdiction.

The Complaint's few allegations of Mr. Antoon's activities—*e.g.*, testifying before the Canadian House of Commons (Compl. ¶ 82) and operating a shell company through which he would sign deals with porn performers (Compl. ¶ 154)—fall short of alleging that Mr. Antoon "expressly aimed" any acts at California. Plaintiffs do not even allege that these acts took place in the U.S. and much more is required to show conduct "expressly aimed" at California. *See, e.g.*, *Wanat*, 970 F.3d at 1210-12 (concluding allegations of geotargeted advertisements and a U.S. viewer base were insufficient to establish "expressly aimed" requirement).

Similarly, allegations that "the Bro-Club led by" Mr. Antoon had "daily operational control of" the MindGeek Entities generally (Compl. ¶¶ 93, 119) cannot establish that he committed acts "expressly aimed" toward California. If such "general allegations of managerial responsibilities or involvement in a

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

business's other transactions were sufficient," a company's officers would be subject to jurisdiction in virtually every case where jurisdiction extends to the company, a result that does not comport with due process. *Cisco Sys. Inc. v. Link US, LLC*, No. 18-CV-07576-CRB, 2019 WL 6682838, at *4 (N.D. Cal. Dec. 6, 2019) (citation omitted).

Plaintiffs also cannot rely on allegations grouping Mr. Antoon together with the other so-called "MindGeek Defendants" to establish jurisdiction. Due process requires scrutiny of each defendant's contacts with the forum, and thus Plaintiffs cannot show personal jurisdiction based on undifferentiated allegations against multiple defendants. *E.g., Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848-49 (N.D. Cal. 2018) (disregarding allegations grouping defendants together).

### b.    Plaintiffs' Claims Do Not Arise Out of Mr. Antoon's Forum-Related Conduct.

Plaintiffs also cannot show that their claims "arise out of contacts that the defendant himself creates with the forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quotation marks and citation omitted)). Plaintiffs do not allege any forum-related activities by Mr. Antoon that have anything to do with the alleged failure to detect and take down the videos of Plaintiffs. Although the forum-related activities need not be the "but for" causation of the alleged harm, *see Ayla*, 11 F.4th at 983, at *7 n.5, a substantial relationship between a defendant's forum-related activities and plaintiffs' claims is required, *see, e.g., Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1052 (N.D. Cal. 2015) (concluding test was not satisfied where none of the alleged California contacts had anything to do with the actions on which plaintiffs' claims rested).

Here, Plaintiffs allege no connection whatsoever between any action by Mr. Antoon and any of their claims. Accordingly, Plaintiffs cannot meet their burden of showing that their claims arise out of Mr. Antoon's forum-related conduct.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**2.    The Alleged California Contacts of the MindGeek Entities Cannot Establish Specific Jurisdiction Over Mr. Antoon.**

A court "cannot impute a corporation's contacts to its employees" as a general matter.[5]  *Sihler v. Fulfillment Lab, Inc*, No. 3:20-CV-01528-H-MSB, 2020 WL 7226436, at *5 (S.D. Cal. Dec. 8, 2020).  Imputing a corporation's contacts to an officer is appropriate in only two limited circumstances: (1) where the corporation is the alter ego or agent of the individual defendant; or (2) where the individual controlled and directly participated in the alleged activities.  *See id.* (citation omitted); *see also id.* n.2 (explaining that considering these two theories as exceptions to the fiduciary shield doctrine is a misnomer because under both "jurisdiction is exercised on the basis of the individual's *own contacts with the forum*, not the contacts of his or her own corporation" (emphasis added)).  Because neither of these circumstances is present here, the MindGeek Entities' contacts with California cannot be imputed to Mr. Antoon.

**a.    Plaintiffs Cannot Rely on Alter Ego or Agency Theories.**

The Complaint does not contain any factual allegations that the MindGeek Entities are Mr. Antoon's alter ego.  For the alter ego doctrine to apply, the plaintiff must allege a factual basis for the court to determine "(1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice." *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, No. LACV1901192CJCKLS, 2019 WL 8806093, at *4 (C.D. Cal. Sept. 20, 2019) (quoting *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)).

Here, the Complaint alleges no relevant facts at all; it simply recites the elements of alter ego under California law. (*Compare* Compl. ¶ 60 (asserting the

---

[5] Of course, a defendant's status as a corporate officer does not shield him from jurisdiction based on his own acts directed to the forum, but Mr. Antoon is not alleged to have taken any actions in or directed toward California.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

"MindGeek Defendants operate as a single business entity by, among other things, (a) commingling their funds and other assets, failing to segregate funds between them") *with Zoran Corp. v. Chen*, 185 Cal. App. 4th 799, 811 (Cal. Ct. App. 2010) ("The alter ego test encompasses a host of factors: [1] [c]ommingling of funds and other assets, failure to segregate funds of the separate entities" (quotation marks and citations omitted)).  These conclusory allegations will not suffice.  *See, e.g.*, *Symettrica*, 2019 WL 8806093, at *4 (concluding plaintiff had not met its burden to show the doctrine applied where its complaint offered only conclusory statements).  When Plaintiffs turn their attention to Mr. Antoon, they similarly rely on conclusions that cannot establish jurisdiction under an alter ego theory.  For example, the Complaint asserts—without any facts in support—that Mr. Antoon directed and controlled sham entities affiliated with the MindGeek Entities to evade taxes and financial scrutiny.  (Compl. ¶ 537.)  But such conclusory allegations that a party "structures companies to escape liability are insufficient to confer personal jurisdiction."  *In re Boon Global Limited*, 923 F.3d 643, 654 (9th Cir. 2019).

The MindGeek Entities' contacts also cannot be attributed to Mr. Antoon under any agency theory.  For jurisdiction to rest on the acts of an agent, that agent must "act on the principal's behalf and subject to the principal's control."  *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (2006)).  Indeed, the principal must be able to "substantially control" the agent's activities.  *Williams*, 851 F.3d at 1025.  The Complaint does not plead that any MindGeek Entity acted on Mr. Antoon's behalf in California (or anywhere else) or that he substantially controlled any forum-directed activities by any entity.  Indeed, the Complaint contradicts the notion that Mr. Antoon controlled the relevant actions, stating that Mr. Antoon believed the MindGeek Entities were structured in a way that gave Bro-Club members

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1  "plausible deniability" (Compl. ¶ 103) and asserting that Mr. Antoon and Mr.

2  Tasillo "don't even check" on the MindGeek Entities' activities (Compl. ¶ 204).

3  These allegations undercut any potential agency theory.  *See, e.g., Wood v. N. Am.*

4  *Van Lines, Inc.*, No. 820CV02092JLSADS, 2021 WL 3124155, at *5 (C.D. Cal.

5  July 22, 2021) (concluding specific jurisdiction over non-resident was improper

6  where there was no showing that the non-resident exercised substantial control

7  over the in-forum activities relevant to plaintiff's claims).

8          **b.    The Complaint Does Not Allege That Mr. Antoon**
9              **Controlled or Directly Participated in Forum-Related**
                **Wrongdoing.**

10         The Complaint is also devoid of any allegations that Mr. Antoon controlled

11  or directly participated in the alleged wrongdoing giving rise to Plaintiffs' claims

12  such that the MindGeek Entities' jurisdictionally-relevant contacts may be imputed

13  to him.  Even if the Court could credit the statement that Mr. Antoon "would . . .

14  know" "everything," including presumably the MindGeek Entities' alleged failure

15  to prevent videos of Plaintiffs from being posted or to take them down quickly,

16  bare assertions that a corporate officer knew or had reason to know of a

17  corporation's tortious conduct are insufficient to confer jurisdiction.  *See, e.g.*,

18  *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF, 2020 WL 6275025, at *8 (N.D.

19  Cal. Oct. 26, 2020) (rejecting plaintiff's theory that jurisdiction over non-resident

20  CEO was proper because "she either knew or had to know" of the alleged

21  misconduct).  Plaintiffs cannot rely on conduct by any MindGeek Entity to support

22  personal jurisdiction over Mr. Antoon.

23         **3.    Neither Mr. Antoon's Nor the MindGeek Entities'**
24            **Nationwide Contacts Suffice to Establish Personal**
                **Jurisdiction Over Him.**

25         To the extent Plaintiffs seek to establish jurisdiction over Mr. Antoon based

26  on his contacts with the entire United States (and not only California), they fare no

27

28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1  better—the Complaint is equally barren of allegations of contacts with the United

2  States.

3      As a threshold matter, the Plaintiffs have not met their burden to establish

4  that any federal statute authorizes scrutiny of Mr. Antoon's U.S. contacts.

5  Plaintiffs assert that jurisdiction over the defendants, including Mr. Antoon, is

6  proper under 18 U.S.C. § 1964.  (*See* Compl. ¶ 63.)  But "a plaintiff may not rely

7  on a defendant's national contacts to establish personal jurisdiction over the

8  defendant before service has been effected pursuant to RICO's service provisions."

9  *Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*, No. C09-1786-

10  JCC, 2012 WL 13024801, at *8 (W.D. Wash. Apr. 6, 2012) (concluding there was

11  no jurisdiction under the long-arm statute over foreign defendant served by

12  alternate means); *see also, e.g.*, *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1184

13  (C.D. Cal. 1998) (concluding no jurisdiction under the long-arm statute over

14  foreign defendant served under the Hague Convention).  Here, Mr. Antoon was not

15  served in the United States; he waived service of process from his residence in

16  Canada.  (ECF No. 28.)  Therefore, the exercise of jurisdiction over Mr. Antoon

17  must be assessed under the requirements of California's long-arm statute.

18      Plaintiffs do not assert that any federal statute other than RICO would

19  authorize personal jurisdiction based on Mr. Antoon's national contacts.  (*See*

20  Compl. ¶ 63.)  And it is the Plaintiffs' burden to establish that jurisdiction over

21  each defendant is proper.  *See Ranza*, 793 F.3d at 1068.  Of the federal statutes

22  Plaintiffs cite in their causes of action, 18 U.S.C. § 1595 provides no basis for

23  using the national contacts test.  *See, e.g.*, *A.B. v. Hilton Worldwide Holdings Inc.*,

24  484 F. Supp. 3d 921, 933 (D. Or. 2020) (concluding defendant lacked sufficient

25  contacts with forum state to be haled into court to defend against plaintiff's

26  TVPRA claim).

27

28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Thus, the only other federal statute that could provide a basis for resorting to Mr. Antoon's national contacts is 18 U.S.C. § 2255. But even if Plaintiffs had properly invoked jurisdiction under 18 U.S.C. § 2255, the dearth of jurisdictionally relevant contacts with the United States would doom any attempt to establish jurisdiction over Mr. Antoon under that statute. For the reasons described in Section I.B.1 above, the Complaint fails to allege *any* specific act by Mr. Antoon that is relevant to Plaintiffs' claims. It therefore can satisfy neither the purposeful direction test nor the requirement that Plaintiffs' claims arise out of and relate to Mr. Antoon's forum-related contacts. Further, for the reasons described in Section I.B.2 above, the Complaint fails to plead factual allegations that would permit the imputation of the MindGeek Entities' contacts with the United States to Mr. Antoon. The lack of factual allegations describing any specific act by Mr. Antoon relevant to Plaintiffs' theory that they have been injured by any action or inaction by the MindGeek Entities means that the exercise of jurisdiction over Mr. Antoon is improper whether or not it is based on his non-existent contacts with California or his non-existent contacts with the United States.

For this reason, Rule 4(k)(2) also cannot save the Complaint's deficient jurisdictional allegations. As the Ninth Circuit has observed, "[t]he due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [a defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007). The Complaint fails to allege sufficient jurisdictionally relevant contacts with the United States for the exercise of jurisdiction over Mr. Antoon to comport with due process.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

### 4. Exercising Jurisdiction Over Mr. Antoon Would Be Unreasonable

While the Court need not reach the third element of the specific jurisdiction test because Plaintiffs cannot satisfy the first two elements, the claims against Mr. Antoon should also be dismissed because the exercise of personal jurisdiction over him would be unreasonable.  To the extent Plaintiffs have any claims actually based on Mr. Antoon's conduct, they should be brought in Canada, where he resides.  (Compl. ¶¶ 53.)  And California has relatively little interest in this case, because 28 of the 34 Plaintiffs were not injured here and 13 of those individuals live outside of the United States.  (Compl. ¶¶ 11-44.) Given the availability of a superior alternative forum, this Court's lack of interest in adjudicating claims against Mr. Antoon that have nothing to do with anything he did in California or the U.S., and the undue burden on Mr. Antoon of litigating here, exercising jurisdiction over him in this action would be unreasonable.  *See, e.g.*, *Wanat*, 970 F.3d at 1212 n.9 (reasoning that exercising jurisdiction over a foreign citizen "would be unreasonable given his limited contacts with the forum, the burden . . . if he must defend in the forum, potential conflicts with [the foreign country's] sovereignty and its potential as an alternative forum").  Plaintiffs have no basis for suing Mr. Antoon in California and forcing him to defend here would be unreasonable.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The Complaint should also be dismissed as to Mr. Antoon under Rule 12(b)(6) because it does not allege that he participated in the alleged wrongful conduct and therefore fails to provide the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2).  Fed. R. Civ. P. 8(a)(2).[6]

---

[6] The Court should also dismiss Plaintiffs' claims against Mr. Antoon under Rule 12(b)(6) for the reasons set forth in the concurrently filed memoranda of points and

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the plaintiff's allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level").

Moreover, pleadings based on "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" do not meet this standard. *Iqbal*, 556 U.S. at 662 (citation and quotation marks omitted) (second alteration in original). While courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), they need not accept conclusory allegations as true, *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("we are not bound to accept as true a legal conclusion couched as a factual allegation"); *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (courts are not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations" (citation omitted)).

A complaint also must allege each defendant's conduct and may not ascribe conduct to a collective group of "defendants." "It is a basic pleading defect for a complaint to 'lump' parties together and to fail to distinguish between named defendants." *Beatport LLC v. SoundCloud Ltd*, No. CV 19-847 MRW, 2020 WL 3977602, at *5, *6 (C.D. Cal. July 13, 2020) (dismissing complaint that did not make "any attempt to distinguish between the parties or to explain in any way the

authorities submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman, which Mr. Antoon joins.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

basis for their alleged culpability" (citing *Iqbal*, 556 U.S. at 678)). Also referred to as "shotgun pleading," this "pleading style deprives Defendants of knowing exactly what they are accused of doing wrong" and is a "defect [that] alone warrants dismissal." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010); *see also Shin v. Time Squared Glob., LLC*, No. SACV1500943AGGJSX, 2015 WL 13284952, at *2 (C.D. Cal. Aug. 26, 2015) ("One common theme of Rule 8(a), Rule 9(b), and *Iqbal* and *Twombley* on pleading is that Plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong.")

The Complaint does not satisfy these pleading standards. Its 177 pages contain only a handful of specific references to Mr. Antoon, and no factual allegations concerning what Mr. Antoon did that impacted Plaintiffs in any way. Instead, the Complaint rests on generic allegations of conduct by "MindGeek" or "Defendants" and conclusory assertions concerning Mr. Antoon's knowledge, intent, control, and other required elements. The claims against Mr. Antoon should be dismissed in their entirety and with prejudice.

### A. The Sex Trafficking Claims (Counts I, II, and IV) Should be Dismissed.

The Complaint fails to state a sex trafficking claim against Mr. Antoon. Plaintiffs allege in Count I that "MindGeek" "recruited, enticed, harbored, transported, provided obtained, advertised, maintained, patronized and or/solicited" Plaintiffs and other minors or victims of sexual abuse that they knew or should have known were not of age or had been abused "to engage in commercial sex acts through combination of force, threats of force, fraud, or coercion" in violation of the TVPRA, specifically, 18 U.S.C. §§ 1591(a)(1) and 1595. There are no allegations that Mr. Antoon engaged in any of this conduct.

The only allegation in the Complaint relating to Mr. Antoon's involvement with individuals who appeared on MindGeek's websites is the claim that he "had a

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1   shell company through which he would sign exclusive deals with unknown porn

2   performers and then use their control over MindGeek to promote those performers

3   and increase the value of their content." (Compl. ¶ 154.)  Plaintiffs do not allege

4   that they had any interactions with Mr. Antoon, and there is no allegation that the

5   alleged exclusive deals were anything other than consensual mutually beneficial

6   arrangements among adults.

7       Count II, which alleges that "the MindGeek Defendants" benefited from a

8   sex trafficking venture, (*see, e.g.*, Compl. ¶ 493), is also insufficiently pleaded as

9   to Mr. Antoon.  To plead a beneficiary trafficking theory, a plaintiff must allege

10  that that the defendant "knowingly . . . benefit[ed], financially or by receiving

11  anything of value, from participation in a venture." 18 U.S.C.A. § 1591(a)(2).  But

12  the Complaint does not allege facts showing that Mr. Antoon knew about or

13  participated in a trafficking venture, knowingly benefited from it, or knew or

14  should have known that the Plaintiffs in this case were minors or victims of sex

15  trafficking.  *See* 18 U.S.C. § 1591(a)(2).

16      By improperly relying on group allegations against Mr. Antoon and other

17  defendants, the Complaint fails to provide the required clear statement about what

18  Mr. Antoon is alleged to have done.  *See Shin*, 2015 WL 13284952, at *2.

19  Moreover, the allegation that Mr. Antoon (and others in the Bro-Club) "would . . .

20  know" "everything" (Compl. ¶ 204.) is unavailing here.  It is both speculative, as

21  the conditional "would" makes clear, and conclusory.  *See Iqbal*, 556 U.S. at 680-

22  81 (explaining that allegations that Attorney General, among other things, "knew

23  of [and] condoned . . . harsh conditions of confinement as a matter of policy" were

24  were "not entitled to assumption of truth" since they were "nothing more than a

25  formulaic recitation of the elements" of a claim) (quotation marks omitted).

26      Count IV, which alleges generically that "the Defendants" conspired to

27  violate the sex trafficking laws, (*see* Compl. at 147-48 (citing 18 U.S.C. §

28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1594(c)), similarly falls short because it provides no detail regarding what role, if any, Mr. Antoon is alleged to have played in any purported agreement to violate the sex trafficking laws.

Because none of the sex trafficking causes of action contains sufficient "facts to give fair notice" of what Mr. Antoon allegedly did wrong, *see Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citation omitted), Plaintiffs' First, Second, and Fourth causes of action should be dismissed as to Mr. Antoon.

### B.    The Child Pornography Claims (Counts V and VI) Should be Dismissed

The Complaint also fails to state a claim against Mr. Antoon under 18 U.S.C. §§ 2252, 2252A, and 2255.  Section 2255 provides a civil cause of action for anyone who suffers personal injury as a result of a defendant's violation of Sections 2252 or 2252A, the federal criminal statutes prohibiting the knowing receipt, possession, distribution, and sale of child pornography.  *See* 18 U.S.C. §§ 2252, 2252A, and 2255.  The Supreme Court has held that the "knowing" requirement extends both to the sexually explicit nature of the material and to the performers' age.  *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994).

Here the Complaint again fails to plausibly allege any claim against Mr. Antoon.  The Complaint's child pornography claims allege "knowing" conduct by the group of defendants referred to as "MindGeek."  Such allegations do not satisfy pleading standards under *Iqbal* because they are conclusory and plead the elements of a cause of action.  *Iqbal*, 556 U.S. at 662.  They also improperly fail to distinguish between defendants.  *See Beatport*, 2020 WL 3977602, at *5 (dismissing complaint that, among other things, made no attempt to distinguish between the defendants and attributed all actions to both of them).

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

There are no allegations that Mr. Antoon had any personal involvement with any videos or played a role in causing plaintiff's injuries. There are also no allegations that Mr. Antoon was aware that Ms. Fleites and Jane Does 1-13 were minors. Nor is it plausible that as the CEO of a large internet service provider, Mr. Antoon would have this knowledge or even that he would know of the existence of a relatively small number of videos posted on a website containing several million consensual adult videos.

Accordingly, Plaintiffs' Fifth and Sixth causes of action that Mr. Antoon harmed them by the possession or distribution of explicit materials should be dismissed for failure to state a claim.

## C. The Civil RICO Claims (Counts VII, VIII, and IX) Should be Dismissed

The Complaint also fails to state a civil RICO claim against Mr. Antoon. In their Seventh, Eighth, and Ninth causes of action, Plaintiffs allege that to maximize traffic to MindGeek's website and increase profits, the defendants conducted a racketeering scheme that included sex trafficking, the distribution of child pornography, mail and wire fraud, and money laundering. (*See* Compl. at 151-67.)

To state a civil RICO claim a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). With respect to the "pattern" element, where a complaint alleges RICO claims against multiple defendants, the plaintiff must allege "at least two predicate acts by each defendant." *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011); *see also Harmoni Int'l Spice, Inc. v. Bai*, No. CV1600614BROASX, 2016 WL 6542731, at *25 (C.D. Cal. May 24, 2016) (dismissing RICO claim against defendants who were only alleged to have committed one predicate act). To

- 22 -

satisfy the enterprise element, a complaint must sufficiently allege "how Defendants associated together for a common purpose." *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015). "[B]are assertions of a pattern of racketeering activity," however, that do not specify "what exactly each individual did, when they did it, or how they functioned together as a continuing unit" are insufficient. *Id*.

The Complaint does not allege that Mr. Antoon committed any predicate acts or specifically participated in the alleged scheme. Instead, the Complaint makes generic allegations about "MindGeek" and "Defendants." (*See, e.g.*, Compl. ¶¶ 541-47). The sole allegation in Plaintiffs' RICO claims that specifically mentions Mr. Antoon is the conclusory assertion that he, along with other MindGeek executives, controlled "a network of sham shell entities throughout the world," and was "in turn controlled by and directed by MindGeek's financiers." (Compl. ¶ 537). This allegation is a mere legal conclusion and should be disregarded. *See Forest Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*, No. CV122916PSGFFMX, 2013 WL 11323601, at *6 (C.D. Cal. Dec. 13, 2013) (explaining that because plaintiff's naked assertions that defendants "directed and controlled the affairs of the enterprise" were "[d]evoid of any factual predicate related to [their] direction and control of a RICO enterprise," such allegations were a "recitation of the elements of a RICO cause of action [and were] patently conclusory").

The Complaint also fails to allege that Mr. Antoon participated in a RICO enterprise. There are no factual allegations about what role Mr. Antoon played in the alleged enterprise, how he associated with others, or what specific conduct he engaged in to further the purpose of the enterprise. Conclusory allegations concerning Mr. Antoon's purported "control" of MindGeek or control and use of so-called "shell entities" (*see, e.g.*, Compl. ¶¶ 119, 537, 571) do not satisfy

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs' burden to allege the specific nature of Mr. Antoon's involvement in an enterprise. *See Doan*, 617 F. App'x 684, 686 (affirming dismissal of complaint lacking sufficient factual allegations of defendants' conduct in connection with alleged RICO enterprise).

Because the Complaint fails to plead facts satisfying key elements of a RICO claim, Plaintiffs' Seventh, Eighth, and Ninth causes of action should be dismissed.

Plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1962(d) (Count IX) should be dismissed for the additional reason that to maintain a section 1962(d) claim a plaintiff must properly plead a primary RICO claim, which Plaintiffs have failed to do. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (affirming dismissal of plaintiffs' RICO conspiracy claim because "the failure to allege substantive violations precludes their claim that there was a conspiracy to violate RICO"); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 1000 (9th Cir. 2014) ("Because we affirm the dismissal of Plaintiffs' RICO allegations, we also affirm the dismissal of Plaintiffs' allegations of RICO conspiracy.").

### D.    Plaintiff's State Law Claims Should be Dismissed

The Court should dismiss Plaintiffs' state law claims against Mr. Antoon pursuant to Rule 12(b)(6) for the reasons set forth in the concurrently filed memoranda of points and authorities submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman, which Mr. Antoon joins.   These claims are: Count X (Public Disclosure of Private Facts), Count XI (Intrusion into Private Affairs), Count XII (Placing Plaintiff in a False Light), Count XIII (Common Law Misappropriation of Name and Likeness), Count XIV (California Statutory Misappropriation), Count XV (Cal. Civ. Code § 1708.85), Count XVI

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

(Negligence), Count XVII (Unjust Enrichment, Count XVIII (Cal. Bus. & Prof. Code §§ 17200 and 17500), and Count XIX (Civil Conspiracy).

These claims also fail because each of them is devoid of facts relating to Mr. Antoon. Here too, the Complaint describes conduct by a collective "MindGeek" and repeatedly relies on conclusory allegations with respect to elements of the claims asserted. *See, e.g.*, Count X (Compl. ¶ 595) ("*MindGeek* disclosed the videos and images of sexually explicit conduct, including non-consensual sexual acts and child pornography, of Plaintiffs with *knowledge* that they are highly offensive") (emphasis added); Count XIV (Compl. ¶ 617) ("*MindGeek knowingly* appropriated Plaintiff's identities and pictures") (emphasis added). For the reasons described above, such shotgun pleading is not sufficient to survive Mr. Antoon's motion to dismiss.

## III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION 230 IMMUNITY EXTENDS TO MR. ANTOON

Finally, the Complaint fails to state a claim against Mr. Antoon because Section 230 of the Communications Decency Act shields Mr. Antoon from liability for content posted on the MindGeek Entities' websites by third parties.

Under Section 230, Interactive Computer Service Providers ("ICSPs") enjoy broad immunity from liability for content posted by third parties to their websites. *See* 47 U.S.C. § 230; *see also Doe v. Mindgeek USA Inc.*, No. SACV2100338CJCADSX, 2021 WL 4167054, at *3 (C.D. Cal. Sept. 3, 2021).

Section 230 applies when, as here, a plaintiff seeks to treat defendants as publishers or speakers of information provided by others. *See* 47 U.S.C. § 230(c)(1); *see also Gonzalez v. Google, LLC*, 2 F.4th 871, 891 (9th Cir. 2021). Section 230 immunity also extends to officers of an ICSP, such as Mr. Antoon. *See Klayman v. Zuckerberg*, 753 F.3d 1354, 1357–58 (D.C. Cir. 2014) (concluding Section 230 immunity applies to Facebook CEO Mark Zuckerberg because complaint seeks to hold him accountable for his role in making Facebook's service

- 25 -

available); *People v. Ferrer*, No. 16FE019224, 2016 WL 7237305, at *11 (Cal.Super. Dec. 09, 2016) (concluding Section 230 immunity applied to company and its officers); *Ascentive, LLC v. Opinion Corp.*, 842 F.Supp.2d 450, 474-78 (E.D.N.Y. 2011) (concluding Section 230 immunity protected company and three officers of a consumer review website in Lanham Act and civil RICO lawsuit).

Even if the court concludes that the MindGeek Entities do not qualify for Section 230 protection because Plaintiffs have adequately alleged that the MindGeek Entities participated in sex trafficking or played a role in content creation or development, Section 230 immunity should nevertheless apply to Mr. Antoon.  The Complaint does not include any factual allegations connecting Mr. Antoon to a sex trafficking venture nor have Plaintiffs alleged that he engaged in content creation or development, particularly with respect to the videos and images depicting the Plaintiffs in this case.  Because there is no basis for concluding that an exception to Section 230 immunity applies, and for the reasons set forth in the memorandum of points and authorities concurrently filed by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman, which Mr. Antoon joins, the Court should the dismiss the claims against Mr. Antoon pursuant to Rule 12(b)(6) because they are barred under Section 230.

## IV.    CONCLUSION

For the reasons discussed above, Feras Antoon respectfully requests that the Court dismiss this action with prejudice for lack of personal jurisdiction or, in the alternative, for failure to state a claim.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1 | Dated: October 20, 2021

2                                      WIECHERT, MUNK & GOLDSTEIN, PC

3

4                                      By: /s/ *David W. Wiechert*
                                     David W. Wiechert (SBN 94607)

5                                      COHEN & GRESSER LLP

6                                      Jason Brown (admitted *pro hac vice*)

7                                      Nathaniel P. T. Read (*pro hac vice*
                                     forthcoming)

8                                      Colin C. Bridge (admitted *pro hac vice*)
                                     *Attorneys for Defendant Feras Antoon*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of Wiechert, Munk & Goldstein, PC, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On October 20, 2021, I served the forgoing documents, described as **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT (DKT. No. 1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER** on all interested parties as follows:

[ ]   **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   **BY E-MAIL:**  I caused the document(s) to be transmitted electronically by filing the forgoing with the clerk of the District Court using the CM/ECF system, which electronically notifies counsel for all parties.

[ ]   **BY PERSONAL DELIVERY:**  I personally delivered the document(s) listed above to the person(s) as indicated on the attached service list.

[X]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2021, at San Juan Capistrano, California.

/s/*Danielle Dragotta*
Danielle Dragotta

1
**CERTIFICATE OF SERVICE**