RONALD G. WHITE (*Admitted pro hac vice*)
RWhite@mofo.com
250 West 55th Street
New York, NY  10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
BERND BERGMAIR
*(Additional Counsel listed on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>　　　　　Defendants. | Case No. 2:21-cv-4920<br><br>**OPPOSITION OF INDIVIDUAL DEFENDANTS BERND BERGMAIR, FERAS ANTOON, DAVID TASSILLO AND COREY URMAN TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER**<br><br>Judge: Hon. Cormac J. Carney |

ANDRE FONTANA (CA SBN 324801)
AFontana@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## I.        INTRODUCTION

2    With the Court having rejected her previous attempt to begin discovery

3  before it resolves the substantial threshold issue of personal jurisdiction in this case

4  (ECF No. 45), Plaintiff now repeats the same request with no explanation of why

5  the result should be any different this time.  The individual, foreign defendants in

6  this case, Bernd Bergmair, Feras Antoon, David Tassillo and Corey Urman

7  (collectively, the "Individual Defendants"), oppose Plaintiff's request for issuance

8  of a scheduling order and the commencement of discovery prior to resolution of

9  their forthcoming motions to dismiss.  Given the significant question of whether

10  this Court has personal jurisdiction over them, the Individual Defendants submit

11  that "good cause" exists for the Court to defer issuing a scheduling order until after

12  the Court decides the motions to dismiss.

13

## II.        RELEVANT BACKGROUND

14    The Complaint here was filed on behalf of Plaintiff Serena Fleites and 33

15  Jane Doe plaintiffs on June 17, 2021.  The Individual Defendants, all of whom live

16  and work in foreign countries, were sent requests to waive service outside the

17  United States and agreed to waive service.  Pursuant to a stipulation of the parties,

18  approved by the Court, the defendants' motions to dismiss the complaint were

19  originally due on October 18, 2021.[1]  ECF Nos. 27, 30.  Shortly before those

20  motions were due, on October 4, 2021, Plaintiffs requested that the Court hold a

21  scheduling conference or issue a scheduling order (ECF No. 41) in order to trigger

22  various discovery obligations, such as the requirements to hold a Rule 26(f)

23  conference and to make initial disclosures.  *See* Fed.R.Civ.P. 26(f) and (a)(1)(C).

24  The Individual Defendants opposed Plaintiffs' request, and the Court denied the

25  application.  ECF No. 45.  In its Order, the Court ruled that the request was

26

27  _____

[1] In the stipulation, the Individual Defendants expressly reserved the right to
28  assert lack of personal jurisdiction in this forum. *Id.*

1

1    "premature" and indicated that, "after responsive pleadings are filed in this action,"

2    it would issue a Notice of Intent informing the parties when it would issue a

3    Scheduling Order. *Id*.

4        On October 20, 2021, the Individual Defendants filed their motions to

5    dismiss challenging personal jurisdiction and raising other grounds for dismissal of

6    the Complaint, with a hearing date of January 24, 2022 (later continued to February

7    14, 2022).  ECF Nos. 62, 67, 68, 69.  Also on October 20, 2021, the Court issued its

8    Notice of Intent, stating that it would issue a Scheduling Order on February 10,

9    2022, several weeks after the scheduled hearing date.  ECF No. 56.

10       On October 22, 2021, the MindGeek defendants filed a motion to dismiss and

11   sever the Jane Doe plaintiffs as improperly joined in this action under Fed. R. Civ.

12   P. 20.[2]  ECF No. 75.  On February 10, 2022, the Court granted the motion to sever

13   all but one of the plaintiffs, ruling that, in light of "the vast factual distinctions

14   between the individualized circumstances of Plaintiffs' claims," joinder of the

15   plaintiffs was improper under Rule 20.  ECF No. 119 at 11.  The Court ordered the

16   remaining Plaintiff, Ms. Fleites, to file an amended complaint by March 14, 2022.

17   *Id*. at 19.

18       Because Plaintiff sought to add an additional defendant, she filed a motion

19   for leave to amend on March 21, 2022.  ECF No. 124.  On April 4, 2022, the parties

20   submitted a stipulation, approved by the Court, in which the defendants consented

21   to the motion and, in order to establish a single briefing schedule for all defendants,

22   set the date for filing of the defendants' motions to dismiss for May 23, 2022.  ECF

23   Nos. 127, 128.

24       On May 6, 2022, approximately two weeks before the agreed-upon date for

25   the filing of motions to dismiss, Plaintiff submitted a new request for issuance of a

26   scheduling order.  ECF No. 129.

27   _____

28       [2] The Individual Defendants joined in this motion.  ECF Nos. 76, 81, 82, 86.

2

### III.        ARGUMENT

It is premature to issue a scheduling order before the forthcoming motions to dismiss are decided – motions to be submitted under a schedule agreed to by Plaintiff, and that will greatly clarify the parties and claims in the case.  All the Individual Defendants, who are foreign residents with no personal connection to California, will challenge personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Indeed, despite its 534 paragraphs, the Amended Complaint does little more than identify the Individual Defendants' corporate positions and make conclusory allegations of oversight and control of MindGeek, without alleging any conduct at all directed at California, or even the United States.  The Individual Defendants will also seek dismissal based on Plaintiff's failure to state any viable claim against them, pursuant to Fed. R. Civ. P. 12(b)(6).

Thus, substantial "good cause" exists under Fed. R. Civ. P. 16(b)(2) for the Court to defer scheduling a case management conference or issuing a scheduling order.  Allowing discovery to begin prior to the resolution of the motions to dismiss would impose a particular burden on the Individual Defendants, who are foreign residents and who would not be subject to party discovery if the Court determines it does not have personal jurisdiction over them.  *See AMA Multimedia LLC v. Wanat*, 970 F. 3d 1201, 1208 (9th Cir. 2020) (requiring defendant to litigate case where plaintiff has not established requirements of personal jurisdiction "would deprive the defendant of due process of law") (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).  The Individual Defendants should, at a minimum, have the opportunity to obtain a court ruling testing the claim of personal jurisdiction over them – especially where the Amended Complaint offers only the thinnest of allegations – before being subjected to costly and intrusive discovery. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 114 (1987) ("[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the

long arm of personal jurisdiction over national borders"). Before Plaintiff may take discovery of foreign citizens with no connection to the United States, she must do more than simply add defendants' names and some boilerplate allegations to a complaint. As the Supreme Court has recognized, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). *See Mujica v. AirScan, Inc.*, 771 F. 3d 580, 593 (9th Cir. 2014) ("plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it") (emphasis in original); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F. 2d 729, 738 (9th Cir. 1987) (since the purpose of Rule 12(b) is to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery," it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

The current posture of the case is essentially the same as when the Court rejected Plaintiff's first request for a scheduling order. Now, as then, the Individual Defendants, all of whom live and work in foreign countries, will shortly file potentially dispositive motions to dismiss raising significant challenges to personal jurisdiction, among other deficiencies in the Amended Complaint. Just as before, the motions will be submitted on a schedule to which Plaintiff specifically stipulated. When faced with these circumstances earlier in the case, the Court found Plaintiffs' request "premature" and held that it would issue a scheduling order "after responsive pleadings are filed in this action." ECF No. 45 at 1. When the Court issued a Notice of Intent, it indicated that the Scheduling Order would be issued well after the briefing and argument on the motions. Plaintiff has offered no argument now justifying any different result with respect to her latest request.

Plaintiff argues that a "mandatory," "automatic" or "blanket" stay of discovery is not warranted whenever a motion to dismiss is filed. ECF No. 129 at 2. But this simply misses the point. Courts have frequently exercised their

INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING
ORDER
NY-2377602

discretion to defer discovery where a defendant challenges personal jurisdiction.
*See, e.g.*, *Azco Biotech, Inc. v. Qiagen, N.V.*, 2013 WL 3283841 at *2 (S.D. Cal.
June 26, 2013) (declining to issue scheduling order or require Rule 26(f) conference
in light of pending personal jurisdiction and other motions, holding that, since some
defendants might be dismissed from case, "it is inappropriate to require all
Defendants to spend costs and resources to exchange initial disclosures"); *Kabo
Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570 at *2 (D. Nev. April
15, 2013) ("courts are more inclined to stay discovery pending resolution of a
motion to dismiss challenging personal jurisdiction because it presents a critical
preliminary question") (internal quotation marks omitted); *AMC Fabrication, Inc.
v. KRD Trucking West, Inc.*, 2012 WL 4846152 at *1-2 (D. Nev. Oct. 10, 2012)
(observing that "preliminary issues such as jurisdiction, venue, or immunity are
common situations that may justify a stay," and ruling that "a pending motion
challenging jurisdiction strongly favors a stay" of discovery).  *See also Little v. City
of Seattle*, 863 F. 2d 681, 685 (9th Cir. 1989) (deferring discovery until government
official's claim of official immunity was resolved "furthers the goal of efficiency
for the court and litigants"); *Calvary Chapel San Jose v. Cody*, 2021 WL 5353883
at *1 (N.D. Cal. Nov. 12, 2021) (courts often defer discovery where motions raise
"jurisdictional or immunity issues"); *Malley v. San Jose Midtown Development
LLC*, 2020 WL 5877575 at *7 (N.D. Cal. Oct. 2, 2020) (deferring discovery where
motions to dismiss raised "jurisdiction challenge").  Notably, none of the cases
cited by Plaintiff address the issue of deferring discovery where a defendant – much
less a foreign defendant – challenges personal jurisdiction.

Moreover, until the resolution of the motions to dismiss, the separate
questions of which defendants and which claims will remain are uncertain.  Indeed,
even if some claims survive motions to dismiss, the full scope of this case could
vary significantly depending on the outcome of the motions.  For example, if the
Individual Defendants prevail on their personal jurisdiction motions, they will be

1    dismissed from the case altogether.  Similarly, the motions will present challenges

2    to all seventeen of Plaintiff's separate claims, the resolution of which will greatly

3    shape the case going forward.  In short, the claims and defenses on which discovery

4    will be needed could vary widely depending on the Court's decision on the

5    motions.

6        District courts in California have repeatedly rejected as premature requests

7    by plaintiffs to begin discovery before resolution of motions to dismiss, recognizing

8    that the scope of the case and the needed discovery remains unclear until that time.

9    *See, e.g., Estate of Jackson v. City of Modesto*, 2021 WL 5989754 at *3 (E.D. Cal.

10   Dec. 17, 2021) (deferring discovery where pending motions "will define defendants

11   and issues in dispute, and thus the bounds of discovery, to the extent any claims

12   survive"); *Yagman v. Garcetti*, 2020 WL 8125658 at *1 (C.D. Cal. Sept. 3, 2020)

13   (allowing discovery while motions to dismiss are pending is "premature" since

14   motions could potentially "alter the landscape of the case significantly as to claims,

15   defenses and jurisdiction"); *Jones v. Micron Technology, Inc.*, 2019 WL 5406824 at

16   *2 (N.D. Cal. Oct. 23, 2019) (denying request to order Rule 26(f) conference while

17   motions were pending because "the pleadings and scope of the specific claims are

18   not settled, making it premature to make disclosures and discuss a discovery plan");

19   *Zavala v. Kruse-Western, Inc.,* 2019 WL 3219254 at *1-2 (E.D. Cal. July 17, 2019)

20   (adjourning scheduling conference and denying motion to compel Rule 26(f)

21   conference since pending motions "may result in changes to the operative pleading"

22   and noting that "[u]ntil the motion to dismiss is resolved, the actual claims and

23   defenses at issue will be unclear"); *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013

24   WL 12072533 at *2 (S.D. Cal. Jan. 16, 2013) (denying request to order Rule 26(f)

25   conference because "[u]ntil the motion to dismiss is resolved, the actual claims and

26   defenses at issue will be unclear;" it would be "inefficient and cause unnecessary

27   expense for the parties to engage in discovery on claims that may not survive and

28   defenses and counterclaims that may not be asserted"); *In re Morning Song Bird*

*Food Litigation*, 2013 WL 12143947 at *3 (S.D. Cal. Jan. 25, 2013) (denying

request to order Rule 26(f) conference because "[w]here ... the operative complaint

is challenged by motion practice, delaying discovery until the claims and defenses

in the case are better defined reduces expenses, minimizes the burden of

unnecessary discovery, and conserves judicial resources").

Plaintiff's other arguments are similarly meritless.  First, Plaintiff suggests

that the length of time the case has been pending weighs in favor of granting her

request.  ECF No. 129 at 2.  But this ignores that the reason the case has not

proceeded past the motion to dismiss stage is because of her improper joinder of

plaintiffs, necessitating a motion to sever by the defendants – which she opposed –

and ultimately, a Court order granting the motion and directing her to file a proper

amended complaint.

Plaintiff also argues that commencing discovery is appropriate since there

"are no pending dispositive motions before the Court," and in any event, the

Amended Complaint "address[ed] many of the argued deficiencies raised in the

initial motions to dismiss."  ECF No. 129 at 3.  This argument also has no merit.

Defendants' motions to dismiss are due in less than two weeks, according to the

schedule agreed upon by Plaintiff.  Moreover, the way that the Amended Complaint

supposedly addresses the deficiencies previously raised by the Individual

Defendants is by simply taking the allegations of corporate misconduct in the

original Complaint and repeatedly appending boilerplate, conclusory allegations

that the Individual Defendants approved, directed, controlled or implemented such

activities, without the required supporting facts.  *See, e.g.*, Amended Complaint

(ECF No. 124-4) at ¶¶ 171, 172, 173, 181, 193, 194, 195, 200, 209, 213, 214.

Repeating the same conclusory allegations a dozen times is not a substitute for the

type of specific factual allegations required.  Similarly, the Amended Complaint

contains no allegations of conduct by the Individual Defendants in, or aimed at,

California (or the United States).  As a result, the Amended Complaint still plainly

1    fails to establish personal jurisdiction over the Individual Defendants.

2        Plaintiff also argues that discovery should begin because she is, in any event,

3    entitled to jurisdictional discovery of the Individual Defendants.  ECF No. 129 at n.

4    2.  But to obtain jurisdictional discovery, a plaintiff must first make a showing that

5    there is a "colorable basis" for personal jurisdiction over the defendant in question

6    by coming forward with "some evidence" supporting jurisdiction.  *See Symettrica*

7    *Ent.*, 2019 WL 8806093, at *5 (C.D. Cal. Sept. 20, 2019) (Carney, J.) (citing *Lang*

8    *v. Morris*, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011)); *Mocha Mill, Inc. v. Port of*

9    *Mokha, Inc.*, 2019 WL 1048252, at *7 (N.D. Cal. Mar. 5, 2019) (to obtain

10    jurisdictional discovery, plaintiff must first "provide the Court with 'specific facts,

11    transactions, or conduct that would give rise to personal jurisdiction'" (quoting *Getz*

12    *v. Boeing*, 654 F.3d 852, 860 (9th Cir. 2011))); *Panterra Networks, Inc. v.*

13    *Convergence Works, LLC*, 2009 WL 4049956, at *4 (N.D. Cal. Nov. 20, 2009) (to

14    justify being allowed to conduct jurisdictional discovery, plaintiff must first

15    produce "some evidence" establishing personal jurisdiction).  Plaintiff has made no

16    such evidentiary showing – and will be unable to do so in the future – so she cannot

17    use this request to end-run this requirement.

18        Plaintiff also argues that discovery should commence because, even if the

19    Individual Defendants were dismissed from the case, they would still be "subject to

20    discovery as non-parties."  ECF No. 129 at n. 2.  This argument is simply wrong.

21    Plaintiff seeks to subject foreign residents over whom the Court has no personal

22    jurisdiction to the same broad discovery applicable to parties within the Court's

23    jurisdiction.[3]  Plaintiff's position simply ignores the differing scope of potential

24    discovery permitted of parties versus non-parties and, if adopted, would literally

25    license discovery against any person, anywhere in the world, so long as a plaintiff

26

27    ――――――――――――――
        [3] As the Court recognized in its Order granting defendants' motion to sever,
        discovery of foreign and non-party witnesses present different issues than that of
28    parties.  ECF No. 119 at 17.

takes the minimal step of adding their name as a defendant in a complaint, even before they have an opportunity to challenge jurisdiction.

Finally, conspicuously missing from Plaintiff's request is any showing that she will be prejudiced by waiting to begin discovery until the motions to dismiss are decided on the schedule to which she agreed.

Accordingly, Plaintiff's request should be denied.[4]

Dated:   May 10, 2022

RONALD G. WHITE
DAN MARMALEFSKY
ANDRE FONTANA
MORRISON & FOERSTER LLP


By:   /s/Ronald G. White
          Ronald G. White

Attorneys for Defendant
BERND BERGMAIR

/s/   Jonathan S. Sack
JONATHAN S. SACK (*pro hac vice*)
Jsack@maglaw.com
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
565 Fifth Avenue
New York, N.Y. 10017
Tel: (212) 880-9410


/s/   Jason Brown
JASON BROWN (*pro hac vice*)
jbrown@cohengresser.com
COHEN & GRESSER LLP
800 Third Ave
New York, N.Y. 10022
Tel: (212) 957-7609

---

[4] Plaintiff also submitted a Proposed Scheduling Order setting forth discovery and filing deadlines and a trial date (ECF Nos. 131 and 131-1) without even sharing its proposal with the defendants, much less seeking its input. Plaintiff ignores the requirement in Fed. R. Civ. P. 16(b)(1) that the Court issue a scheduling order only *after* all parties have had an opportunity to be heard, either through submission of a Rule 26(f) report, or a scheduling conference.  Here, no scheduling conference has been held, and the Rule 26(f) report was submitted months ago when there was a different set of plaintiffs, a different set of defendants and a different operative complaint.

9

/s/    *Peter Chavkin*

PETER CHAVKIN (*pro hac vice*)
PAChavkin@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, N.Y. 10017
Tel: (212) 692-6231

INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER